IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GRANITE STATE INSURANCE COMPANY,

                    Plaintiff,

       - v -

CLEARWATER INSURANCE COMPANY,
f/k/a ODYSSEY REINSURANCE CORPORATION,
f/k/a SKANDIA AMERICA REINSURANCE
CORPORATION,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CIVIL ACTION No.
2009 Civ. 10607 (RJH)

AMENDED COMPLAINT



Granite State Insurance Company ("Granite State"), for its amended complaint against Clearwater Insurance Company, f/k/a/ Odyssey Reinsurance Corporation, f/k/a Skandia America Reinsurance Corporation, ("Clearwater"), alleges as follows:

## PARTIES

1.    Granite State is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in New York, New York.

2.    Clearwater is a corporation organized under the laws of the State of Delaware, with its principal place of business in Stamford, Connecticut.

## JURISDICTION AND VENUE

3.    The matter in controversy exceeds the sum of $75,000, excluding interest and costs.

4.    Jurisdiction exists pursuant to 28 U.S.C. §1332 (a)(1), there being complete diversity between the parties.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### The Colt Industries Inc. Matter

6.     Granite State issued policy of insurance bearing number 6179-1488 providing coverage to Colt Industries Inc. ("Colt") for the period July 1, 1979 through July 1, 1980..

7.     Granite State and Clearwater entered into a contract of reinsurance, identified as facultative certificate S 25273, pursuant to which Clearwater reinsured Granite State against losses under insurance policy number 6179-1488.

8.     Granite State paid certain losses under policy number 6179-1488 for asbestos bodily injury claims asserted against Colt (the "Colt Claims").

9.     Granite State has billed Clearwater $999,858 under certificate S 25273 for Clearwater's proportionate share of the losses paid by Granite State for the Colt Claims.

10.    Clearwater has failed to honor its obligations under certificate S 25273, and has wrongfully refused to make payment to Granite State for the Colt Claims.

### Reformation Of Certificate S 25273

11.    Policy 6179-1488 provides that the limits of insurance are $12,000,000 part of $50,000,000 excess of $100,000,000.

12.    Pursuant to the agreement between Granite State and Clearwater, Clearwater was to reinsure $1,000,000 of the $12,000,000 limit of policy 6179-1488, pursuant to the terms of certificate S 25273, and Granite State was to retain, pursuant to the terms of certificate S 25273, $1,000,000 of the $12,000,000 limit.

13.    Certificate S 25273 was issued incorrectly setting forth in section B of the declarations that the limit of policy 6179-1488 was "$2,000,000 Part of $50,000,000 Per Occurrence and Aggregate Excess of $100,000,000 Per Occurrence and Aggregate," also incorrectly setting forth in Section C of the declarations that that the reinsured amount was "50%

-2-

($1,000,000) of the Limit Stated in Section B," and further incorrectly stating in section C that the "Ceding Company Retention" was "50% ($1,000,000) of the Limit Stated in Section B."

The McGraw Edison Company Matter

14.     Granite State issued policy of insurance bearing number 6680-1963, providing coverage to McGraw Edison Company ("McGraw") for the period March 1, 1980 through March 1, 1981.

15.     Granite State and Clearwater entered into a contract of reinsurance, identified as facultative certificate C 26285, pursuant to which Clearwater reinsured Granite State against losses under insurance policy number 6680-1963.

16.     Granite State issued policy of insurance bearing number 6681-2370, providing coverage to McGraw for the period March 1, 1981 through March 1, 1982.

17.     Granite State and Clearwater entered into a contract of reinsurance, identified as facultative certificate C 27675, pursuant to which Clearwater reinsured Granite State against losses under insurance policy number 6681-2370.

18.     Granite State issued policy of insurance bearing number 6682-3216, providing coverage to McGraw for the period March 1, 1982 through March 1, 1983.

19.     Granite State and Clearwater entered into a contract of reinsurance, identified as facultative certificate SC 29066, pursuant to which Clearwater reinsured Granite State against losses under insurance policy number 6682-3216.

20.     Granite State issued policy of insurance bearing number 6683-3982, providing coverage to McGraw for the period March 1, 1983 through March 1, 1984.

21.     Granite State and Clearwater entered into a contract of reinsurance, identified as facultative certificate SC 30932, pursuant to which Clearwater reinsured Granite State against losses under insurance policy number 6683-3982.

22.     Granite State policies bearing numbers 6681-2370, 6680-1963, 6682-3216, and 6683-3982 are hereinafter referred to collectively as the "McGraw Policies."

23.     The Clearwater reinsurance certificates bearing numbers C 26285, C 27675, SC 29066, and SC 30932 are hereinafter referred to as the "McGraw Certificates"

24.     In December 2008 Granite State entered into a settlement agreement that resolved issues regarding insurance coverage for asbestos bodily injury claims under the McGraw Policies (the "2008 Settlement").

25.     Subsequent to the 2008 Settlement, Granite State billed Clearwater $2,451,702 for amounts due from Clearwater under the McGraw Certificates regarding the amount paid by Granite State pursuant to the 2008 Settlement.

26.     Clearwater has failed to honor its obligations under the McGraw Certificates, and has not paid any of the amount due to Granite State.

### FIRST CAUSE OF ACTION
(Reformation of Certificate S 25273)

27.     Granite State incorporates herein by reference, as if set forth in full, the allegations in paragraphs "1" through "13" above.

28.     Certificate S 25273 provides reinsurance for policy 6179-1488, subject to a limit of $1,000,000 part of $12,000,000, per occurrence and aggregate excess of $100,000,000 per occurrence and aggregate.

29.     Granite State's retention, subject to the terms of certificate S 25273, is $1,000,000 part of $12,000,000, per occurrence and aggregate excess of $100,000,000 per occurrence and aggregate.

30.     Through a clerical error, certificate number S 25273 was issued with a declaration page that states, at Section B, that the "Policy Limits and Application" of policy 6179-1488 are "$2,000,000 part of $50,000,000, per occurrence and aggregate excess of $100,000,000 per

occurrence and aggregate." The certificate declaration page, at Section C, also incorrectly states that the "Ceding Company Retention" is "50% ($1,000,000) of the "Limit Stated in Section B" and further incorrectly states in section D that "Skandia's Liability" is "50% ($1,000,000) of the Limit Stated in Section B."

31.     Accordingly, because there was a mutual mistake by the parties, certificate number S 25273 should be reformed to reflect the true intent of the parties, that the policy limit is $12,000,000 part of $50,000,000 per occurrence and in the aggregate excess of $100,000,000 per occurrence and in the aggregate, that the reinsurance provided is in the amount of $1,000,000 part of $12,000,000 per occurrence and in the aggregate excess of $100,000,000 per occurrence and in the aggregate, and that the amount retained is $1,000,000 per occurrence and in the aggregate excess of $100,000,000 per occurrence and in the aggregate.

SECOND CAUSE OF ACTION
(Breach of Contract-Colt)

32.     Granite State incorporates herein by reference, as if set forth in full, the allegations in paragraphs "1" through "13" above.

33.     Clearwater has improperly failed to make the required payments under certificate S 25273 for the amounts paid by Granite State under policy number 6179-1488.

34.     By failing to make such payments, Clearwater has breached the contractual obligations it owes Granite State under certificate S 25273.

35.     Granite State has been damaged by Clearwater's breach in the amount $999,858.

THIRD CAUSE OF ACTION
(Breach of Contract-McGraw)

36.     Granite State incorporates herein by reference, as if set forth in full, the allegations in paragraphs "1" through "5" and "14" through "26" above.

-5-

37. Clearwater has improperly failed to make the required payments under the McGraw Certificates for the amounts paid by Granite State under the McGraw Policies.

38. By failing to make such payments, Clearwater has breached its contractual obligations to Granite State under the McGraw Certificates.

39. Granite State has been damaged by Clearwater's breach in the amount $2,451,702.

### FOURTH CAUSE OF ACTION
#### (Declaratory Judgment-McGraw)

40. Granite State incorporates herein by reference, as if set forth in full, the allegations in "1" through "5" and "14" through "26" above.

41. There is an actual controversy between Granite State and Clearwater regarding Clearwater's obligation to pay Granite State the amounts due under the McGraw Certificates.

42. Granite State is entitled to a declaration, pursuant to 28 U.S.C. § 2201, et seq., that Clearwater is obligated to make timely payments to Granite State in such amounts as they become due in the future under the McGraw Certificates for amounts to be paid by Granite State under the McGraw Policies pursuant to the 2008 Settlement.

WHEREFORE, Granite State prays for the following relief:

(1) On the First Cause of Action, an Order reforming certificate S 25273 to conform to the true intent of the parties as alleged above;

(2) On the Second Cause of Action, judgment against Clearwater in the amount $999,858;

(3) On the Third Cause of Action, judgment against Clearwater in the sum of $2,451,702 based on Clearwater's breach of the McGraw Certificates;

(4) On the Fourth Cause of Action, a declaration that Clearwater is obligated to make timely payments under the McGraw Certificates for amounts to be paid by Granite State under the McGraw Policies arising out of the 2008 Settlement;

-6-

(3) Pre-judgment interest, attorneys' fees and costs; and

(4) Such other and further relief as this Court deems proper.

Dated: New York, New York
     April 28, 2010

Mound Cotton  Wollan &
Greengrass

By: _____
    Stuart Cotton (SC 7346).
    SCotton@Moundcotton.com

One Battery Park Plaza
New York, New York 10004
(212) 804-4200

Attorneys for Plaintiff,
Granite State Insurance Company

-7-

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NEW YORK         )

**Ayisha Edgar,** being duly sworn, deposes and says:

Deponent is not a party to this action is over the age of 18 years and resides in Kings

County, New York.

On the 10th day of May, 2010, deponent served the **AMENDED COMPLAINT** upon:

TO:   Stephen M. Kennedy
      Adam A. Nagorski
      Clyde & Co.
      The Chrysler Building
      405 Lexington Avenue
      New York, New York 10174

at the address designated by said attorney for that purpose, by depositing the same, enclosed
in a postpaid properly addressed wrapper directed to each of said attorney at the above
address, in an official depository under the exclusive care and custody of the United States
Postal Service within the State of New York.

_____
                AYISHA EDGAR

Sworn to before me this
10th day of May, 2010

_____
NOTARY PUBLIC

LABE FELDMAN
Notary Public, State of New York
No. 02FE6...
Qualified in Bronx County
Commission Expires June 16, 2011