UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
)
GRANITE STATE INSURANCE )
COMPANY, )
)
Plaintiff, )
) Civil Action No.: 09 CV 10607 (RJH) (DCF)
-against- ) ECF Case
)
CLEARWATER INSURANCE COMPANY, )
f/k/a ODYSSEY REINSURANCE )
CORPORATION, f/k/a SKANDIA )
AMERICA REINSURANCE )
CORPORATION, )
)
Defendant. )
------------------------------------------------------------x

## DECLARATION OF ADAM A. NAGORSKI

1.  I am an attorney associated with the law firm of Clyde & Co US LLP, counsel for Defendant Clearwater Insurance Company (f/k/a Odyssey Reinsurance Corporation and Skandia America Reinsurance Corporation) ("Clearwater") in this action.

2.  I am fully familiar with the facts stated below and I respectfully submit this declaration to provide the Court with relevant information in support of Clearwater's Motion for Order Compelling Discovery dated October 22, 2010 (the "Motion").

3.  I certify that, together with Stephen M. Kennedy, a partner in the law firm of Clyde & Co US LLP, I have conferred in good faith with counsel for Plaintiff Granite State Insurance Company ("Granite State") by means of telephone conferences and discovery correspondences, which are set forth below, in an effort to secure disclosure of the documents sought by Clearwater in its motion without court action.

1

4. On August 31, 2010, I participated in a meet and confer telephone conference regarding Clearwater's First Request for the Production of Documents dated July 2, 2010 (the "Requests") and Granite State's Objections and Responses to Clearwater Insurance Company's First Request for Production of Documents dated July 30, 2010, with counsel for Plaintiff Granite State Insurance Company ("Granite State"), Stuart E. Cotton and Matthew J. Lasky. During that conference, in discussing documents regarding Granite State's setting of reserves, Mr. Cotton admitted that the timing of Granite State's notice to reinsurers is "semi-automatic" and is triggered based on the level of reserves that are set under a reinsured policy. Mr. Cotton provided no other details concerning the relationship between Granite State's reserving of claims and its notice of claims to reinsurers.

5. Attached hereto as Exhibit 1 is a true and correct copy of excerpted pages from Clearwater's First Request for the Production of Documents dated July 2, 2010 (the "Requests").

6. Attached hereto as Exhibit 2 is a true and correct copy of excerpted pages from Granite State's Objections and Responses to Clearwater Insurance Company's First Request for Production of Documents dated July 30, 2010 (the "Granite State Objections").

7. Clearwater initiated an effort to meet and confer concerning the Granite State Objections, including those at issue in the Motion, by way of a letter dated August 11, 2010 from Adam A. Nagorski, counsel for Clearwater, to Matthew J. Lasky, counsel for Granite State, a true and correct copy of which is attached hereto as Exhibit 3.

8. Attached as Exhibit 4 is a true and correct copy of e-mail correspondence between counsel for the parties confirming a telephone conference on August 19, 2010 to discuss the Granite State Objections and Clearwater's August 11, 2010 letter. The conference was attended by myself and Adam A. Nagorski for Clearwater, and Stuart E. Cotton and Matthew J. Lasky for

Granite State.

9. Attached as Exhibit 5 is a true and correct copy of e-mail correspondence between counsel for the parties confirming a follow-up telephone conference on August 31, 2010.

10. Attached as Exhibit 6 is a true and correct copy of a letter from Adam A. Nagorski to Matthew J. Lasky dated September 17, 2010.

11. Attached as Exhibit 7 is a true and correct copy of a letter from Matthew J. Lasky to Adam A. Nagorski dated September 22, 2010.

12. Attached as Exhibit 8 is a true and correct copy of a letter from Stuart E. Cotton to the Honorable Richard J. Holwell, United States District Judge dated September 22, 2010.

13. Attached as Exhibit 9 is a true and correct copy of a letter from Stephen M. Kennedy to the Honorable Richard J. Holwell, United States District Judge dated September 23, 2010.

14. Attached as Exhibit 10 is a true and correct copy of a letter from Matthew J. Lasky to Stephen M. Kennedy and Adam A. Nagorski dated October 4, 2010.

15. Attached as Exhibit 11 is a true and correct copy of a letter from Adam A. Nagorski to Matthew J. Lasky dated October 5, 2010.

16. Attached as Exhibit 12 is a true and correct copy of a letter from Matthew J. Lasky to Adam A. Nagorski dated October 5, 2010.

17. Attached as Exhibit 13 is a true and correct copy of a letter from Adam A. Nagorski to Matthew J. Lasky dated October 6, 2010.

18. Attached as Exhibit 14 is a true and correct copy of a letter from Matthew J. Lasky to Adam A. Nagorski dated October 6, 2010.

19. Attached as Exhibit 15 is a true and correct copy of a letter from Matthew J.

Lasky to Adam A. Nagorski dated October 8, 2010.

20. Attached as Exhibit 16 is a true and correct copy of a letter from Adam A. Nagorski to Matthew J. Lasky dated October 12, 2010.

21. Attached as Exhibit 17 is a true and correct copy of an e-mail correspondence from Adam A. Nagorski to Matthew J. Lasky dated October 18, 2010.

22. Attached as Exhibit 18 is a true and correct copy of an e-mail correspondence from Matthew J. Lasky to Adam A. Nagorski dated October 19, 2010.

23. Attached as Exhibit 19 is a true and correct copy of a letter from Stephen M. Kennedy to Stuart E. Cotton dated July 2, 2010.

24. Attached as Exhibit 20 is a true and correct copy of a letter from Stuart E. Cotton to Stephen M. Kennedy dated September 10, 2010.

25. Attached as Exhibit 21 is a true and correct copy of Skandia America Reinsurance Company Casualty Facultative Reinsurance Certificate No. C 26285, effective March 1, 1980 to March 1, 1981.

26. Attached as Exhibit 22 is a true and correct copy of Skandia America Reinsurance Company Casualty Facultative Reinsurance Certificate No. C 27675, effective March 1, 1981 to March 1, 1982.

27. Attached as Exhibit 23 is a true and correct copy of an e-mail correspondence from MaryEllen Wakeman to Michael Somma dated April 1, 2009 (excluding attachment).

28. Attached as Exhibit 24 is a true and correct copy of an e-mail correspondence from Evelyn Y. Drew to MaryEllen Wakeman dated June 23, 2009, attaching a letter from Julie Tavernese to MaryEllen Wakeman dated June 8, 2009.

29. Attached as Exhibit 25 is a true and correct copy of an e-mail correspondence

from MaryEllen Wakeman to Evelyn Drew dated July 29, 2009, an attached letter from Leticia Diaz to Casey Johnson dated July 17, 2009, and two attachments to the July 17 letter: (1) a January 4, 2007 memorandum by Leticia Diaz and (2) a June 10, 2009 memorandum to "ALL INTERESTED REINSURERS" by Leticia Diaz.

30. Attached as Exhibit 26 is a true and correct copy of a letter from Steve Schwesinger to Julie Tavernese dated August 5, 2009, with attachments: (1) the Partitioning Agreement dated November 4, 2004, (2) a letter from Lynn A. Mitchell to Jeffrey M. Wactlar dated February 23, 2009 and accompanying worksheets, and (3) the Settlement Agreement and Release between AIG Companies and Federal Mogul entities.

31. Attached as Exhibit 27 is a true and correct copy of an e-mail correspondence from Evelyn Drew to MaryEllen Wakeman dated October 21, 2009.

32. Attached as Exhibit 28 is a true and correct copy of an e-mail correspondence from Richard Kafaf to Evelyn Drew dated November 20, 2009, attaching a letter from Steve Schwesinger to Evelyn Drew dated November 20, 2009.

33. Attached as Exhibit 29 is a true and correct copy of an e-mail correspondence from Evelyn Drew to Richard Kafaf dated November 23, 2009.

34. Attached as Exhibit 30 is a true and correct copy of an e-mail correspondence from Chris Magnotta to Evelyn Drew dated December 28, 2009, attaching an undated letter from Steve Schwesinger to Evelyn Drew with accompanying worksheets.

35. Attached as Exhibit 31 is a true and correct copy of an e-mail correspondence from Evelyn Drew to Chris Magnotta dated December 29, 2009.

36. Attached as Exhibit 32 is a true and correct copy of a letter from Steven Parness to Evelyn Drew dated January 29, 2010.

37. Attached as Exhibit 33 is a true and correct copy of an e-mail correspondence from Evelyn Drew to Chris Magnotta dated March 19, 2010.

38. Attached as Exhibit 34 is a true and correct copy of an e-mail correspondence from Chris Magnotta to Evelyn Drew dated March 22, 2010 (without attachments).

39. Attached as Exhibit 35 is a true and correct copy of a letter from Leticia Diaz to Evelyn Drew dated June 14, 2010 (without attachments).

40. Attached as Exhibit 36 is a true and correct copy of a memorandum to "ALL INTERESTED REINSURERS" by Leticia Diaz dated September 13, 2010.

41. Attached as Exhibit 37 is a true and correct copy of a press release issued by American International Group, Inc., <u>AIG Announces Settlements With Federal and New York Authorities and General Insurance Reserve Charge; Fourth Quarter 2005 to Include $1.15 Billion After Tax Charge for Settlements and $1.10 Billion After Tax Reserve Charge</u> dated February 6, 2006, and published at http://www.corporate-ir.net/media_files/nys/aig/releases/020906a.pdf, a publicly available website.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: October 22, 2010
New York, New York

_____
Adam A. Nagorski