UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
```
                                                  )
GRANITE STATE INSURANCE                           )
COMPANY,                                          )
                                                  )
                  Plaintiff,                      )
                                                  )   Civil Action No.: 09 CV 10607 (RJH)
              -against-                           )
                                                  )
CLEARWATER INSURANCE COMPANY,                     )
f/k/a ODYSSEY REINSURANCE                         )
CORPORATION, f/k/a SKANDIA                        )
AMERICA REINSURANCE                               )
CORPORATION,                                      )
                                                  )
                  Defendant.                      )
```

### DECLARATION OF MATTHEW MANSOUR

I, **MATTHEW MANSOUR**, pursuant to 28 U.S.C. § 1746, declare:

1. I submit this declaration in support of plaintiff, Granite State Insurance Company's, Motion for Summary Judgment.

2. I am currently a Facultative Collections Manager in the Facultative Collections Department of Chartis Insurance, and have been in that position since I first became employed by American International Group, Inc. ("AIG") in June 2005.[1]

3. The facts stated herein are based upon my personal knowledge or information gleaned from AIG files.

4. Granite State Insurance Company ("Granite State") is a subsidiary of AIG.

---

[1] Chartis is the marketing name for the worldwide property-casualty and general insurance operations of Chartis Inc., a subsidiary of AIG. Since July of 2009, the property and casualty insurance subsidiaries of AIG have operated under the name "Chartis." An overwhelming majority of the documents and events relevant to this dispute pre-date that name change. For ease of reference, "AIG" is used for purposes of this declaration.

## Background

5.  As part of my duties as Facultative Collections Manager, I am responsible for overseeing reinsurance collectors within my department who process reinsurance billings, provide reinsurance notices to reinsurers and respond to reinsurer inquiries, including those respecting recoverables from Clearwater Insurance Company ("Clearwater")[2] under contracts of reinsurance issued by it to AIG companies.

6.  Since approximately April 2009, the Facultative Collections Department has been involved with reinsurance notices and/or billings to Clearwater relating to asbestos-related claims asserted under AIG policies by both DII Industries, LLC, as successor in interest to Dresser Industries, Inc. ("Dresser") and Federal-Mogul Products, Inc. ("Federal Mogul").

## Reinsurance Agreements And Underlying Policies

7.  Granite State issued the two insurance policies involved in this litigation -- policy No. 6680-1963 and policy No. 6681-2370 (collectively, "Granite State Policies") -- to McGraw Edison Company ("McGraw Edison"). These policies covered the asbestos-related claims at issue concerning both Dresser and Federal Mogul.

8.  C.V. Starr, Granite State's underwriting manager, issued the Granite State Policies and procured reinsurance for those policies from Clearwater under facultative certificates Nos. C 26285 and C 27675 ("Reinsurance Certificates"). C.V. Starr also originally handled the underlying Dresser and Federal Mogul asbestos-claims for Granite State, as well as

---

[2] The entity now known as Clearwater was formerly Odyssey Reinsurance Corp ("Odyssey Re"). In turn, Odyssey Re was formerly Skandia America Reinsurance Corp ("Skandia"). For ease of reference, I will use "Clearwater" to refer to Clearwater, Odyssey Re and Skandia in this declaration.

2

corresponding reinsurance matters, until it transferred those duties to AIG in approximately 1990.

9.  Facultative Certificate No. C 26285 reinsures a 20% pro rata share of Granite State policy No. 6680-1963. A true and correct copy of Facultative Certificate No. C 26285 from Granite State's McGraw Edison policy file is attached as Ex. 1.

10. Facultative Certificate No. C 27675 reinsures a 20% pro rata share of Granite State policy No. 6681-2370. A true and correct copy of Facultative Certificate No. C 27675 from Granite State's McGraw Edison policy file is attached as Ex. 2.

### Granite State's Bills to Clearwater

11. In November of 2004, AIG entered into a settlement agreement with Dresser resolving all Dresser asbestos-related coverage claims against AIG member companies, including Granite State, on insurance policies issued to McGraw Edison and other insureds with exposure to such claims.

12. In December of 2008, AIG entered into a settlement agreement with Federal Mogul resolving all Federal Mogul asbestos-related coverage claims against AIG member companies, including Granite State, on insurance policies issued to McGraw Edison and other insureds with exposure to such claims.

13. Granite State has billed Clearwater pursuant to the Reinsurance Certificates for its share of indemnity and expenses that arose in connection with those two settlements.

14. Attached as Ex. 3 are true and accurate copies of Granite State's March 2010 through May 2011 "Reinsurance Notice[s] of Loss" provided to Clearwater for amounts due

under Facultative Certificate No. C 26285 for Clearwater's 20% share of the indemnity and expenses incurred by Granite State in connection with both the Dresser and Federal Mogul asbestos claims. These Notices of Loss total $2,001,374.20.

15.   The Notices of Loss attached hereto as Ex. 3 were provided to Clearwater by Granite State on or about the dates they bear.

16.   Attached as Ex. 4 are true and accurate copies of Granite State's March 2010 through May 2011 "Reinsurance Notice[s] Of Loss" provided to Clearwater for amounts due under Facultative Certificate No. C 27675 for Clearwater's 20% share of the indemnity and expenses incurred by Granite State in connection with both the Dresser and Federal Mogul asbestos claims. These Notice of Loss total $2,469,364.90.

17.   The Notices of Loss attached hereto as Ex. 4 were provided to Clearwater by Granite State on or about the dates they bear.[3]

18.   The outstanding "Reinsurance Notice[s] Of Loss" provided to Clearwater for its 20% share of indemnity and loss adjustment expenses under the Reinsurance Certificates (Exs. 3 and 4) reflect a total sum due of $4,470,739.10.

19.   Clearwater has refused payment on all of these bills.

20.   The payee on these "Reinsurance Notices Of Loss" is identified as "National Union Fire Ins. Co., PA" because Granite State is a policy-issuing company within the National Union Fire Insurance Co. pooling arrangement that was internally created by AIG for regulatory purposes.

---

[3]   Exs. 3 and 4, in part, consolidate prior notices of loss that had been sent to Clearwater and were not paid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 7, 2011
New York, NY

_____
Matthew Mansour