# EXHIBIT 2

SEP-15-2009 15:15 FROM:                      TO: 918666853631      P:1/2

## SKANDIA AMERICA REINSURANCE CORPORATION

☐ ATLANTA   ☒ CHICAGO   ☐ HOUSTON   ☐ LOS ANGELES   ☐ NEW YORK   ☐ SAN FRANCISCO

**SKANDIA GROUP**

**CASUALTY FACULTATIVE REINSURANCE CERTIFICATE**

RECEIVED
MAR 20 1981
CVSCO - CHICAGO

C. V. STARR & COMPANY
209 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS   60606

C 27675

Attention   MR. BILL GREEN

Skandia America Reinsurance Corporation ("Skandia"), in consideration of the payment of premiums, statements contained in the declarations, and subject to the terms and General Conditions of this certificate does hereby reinsure:

| Ceding Company | Intermediary |
|---|---|
| GRANITE STATE INSURANCE COMPANY | C.V. STARR & COMPANY, CHICAGO, ILLINOIS |

| Name of Insured | City | State |
|---|---|---|
| MCGRAW EDISON COMPANY, ETAL | ROLLING MEADOWS, | ILLINOIS |

| Company Policy Number | Policy Period From | To |
|---|---|---|
| 6681-2370 | 3/1/81 | 3/1/82 |

| Section A<br>Description of<br>Ceding Company<br>Policy | EXCESS UMBRELLA LIABILITY SUBJECT TO 1) AIRCRAFT PRODUCTS EXCLUSION  2) ERISA EXCLUSION. |
|---|---|
| Section B<br>Policy Limits &<br>Application | $15,000,000 EA. OCC/AGG P/O $25,000,000 EA. OCC/AGG XS OF $25,000,000 EA. OCC/AGG XS OF SCHEDULED UNDERLYING INSURANCE OR SIR. |
| Section C<br>Ceding Company<br>Retention | 26.67% ($4,000,000) P/O THE LIMIT STATED IN SECTION B. |
| Section D<br>Skandia's Liability<br>Reinsurance<br>Period and<br>Basis of Acceptance | 20% ($3,000,000) P/O THE LIMIT STATED IN SECTION B.<br>CONDITION NINE (9) AMENDED TO AFFORD SEVENTY-FIVE (75) DAYS NOTICE EXCEPT FOR NON-PAYMENT OF PREMIUM.<br><br>From 3/1/81    To 3/1/82    ☒ Pro Rata    ☐ Excess of Loss |

| Section E<br>Premium | Company Gross<br>$26,250 | Skandia Gross<br>$5,250 | Commission %<br>22.5% | |
|---|---|---|---|---|
| | Audit Frequency<br>FLAT | Prem. Base | Est. Exposure | Rate |
| Premium Adjustment | | | | |
| Minimum Premium For | Reinsurance Period $ 5,250 | | Certificate $ 525 | |

3/18/81      RMO/dlo                          *Robert M. O'Lourie* (signature)
Date                                                           Authorized Representative

CW 1983-14

FORM OF 2008 (10/78)

Granite State  000209

## GENERAL CONDITIONS

1. **SKANDIA'S LIABILITY.** Skandia's liability under this Casualty Facultative Reinsurance Certificate, ("Certificate") shall follow the ceding Company's ("Company") liability in accordance with the terms and conditions of the policy reinsured hereunder except with respect to those terms and/or conditions as may be inconsistent with the terms of this Certificate. It shall be the duty of the Company to notify Skandia, promptly, of any changes in the policy reinsured hereunder. Notwithstanding the foregoing, Skandia and the Company hereby agree that the reinsurance hereunder is subject to the (a) Standard War Exclusion Clause or Clauses; (b) Nuclear Exclusion Clause-Physical Damage-Reinsurance; and (c) Nuclear Exclusion Clause-Liability-Reinsurance.

2. **RETENTION.** The Company warrants that it shall retain for its own account, subject to treaty reinsurance only, if any, the amount specified on the face of this Certificate.

3. **CLAIMS.** (a) The Company agrees that it will promptly investigate and will settle or defend all claims under the policy reinsured hereunder and that it will notify Skandia promptly of any event or development which the Company reasonably believes might result in a claim against Skandia. The Company further agrees to forward to Skandia copies of such pleadings and reports of investigations as are pertinent to the claim and/or as may be requested by Skandia.

    (b) Skandia shall have the right at its own expense to be associated with the Company in the defense or control of any claim, suit or proceeding involving or which may involve the reinsurance provided under this Certificate and the Company and Skandia agree to cooperate in every respect in the defense and control of each such claim, suit or proceeding.

    (c) Upon receipt by Skandia of satisfactory evidence of payment of a loss for which reinsurance is provided hereunder, Skandia shall promptly reimburse the Company for its share of the loss and loss expense, subject to paragraph 5 of these General Conditions.

    (d) The term "loss" shall mean only such amounts as are actually paid by the Company in settlement of claims or in satisfaction of awards or judgments. The term "loss" shall not include loss expenses.

    (e) Skandia's liability for its proportion of a "loss" incurred by the Company shall be determined as follows: (i) if the reinsurance provided hereunder is on an excess of loss basis Skandia shall be liable for its excess proportion of a "loss", after application of the Company's retention and any reinsurance, excess or pro rata, inuring to the benefit of Skandia; (ii) if the reinsurance provided hereunder is on a pro rata basis, Skandia shall be liable for its proportion of a "loss", after application of any reinsurance, excess or pro rata, inuring to the benefit of Skandia.

    (f) The term "loss expense" shall mean all expenses incurred in the investigation, adjustment, settlement or litigation of claims, awards or judgments, including the salaries and expenses of the Company's staff adjusters but excluding the office expenses of the Company and the salaries and expenses of all other employees of the Company.

    (g) Skandia's liability for its proportion of "loss expense" incurred by the Company shall be determined as follows: (i) if the reinsurance provided hereunder is on an excess of loss basis, Skandia's proportion of the "loss expense" shall be in the same ratio as its share of the "loss" bears to the total amount of such "loss"; (ii) if the reinsurance provided hereunder is on a pro rata basis, Skandia's proportion of the "loss expense" shall be in the same ratio as Skandia's limit of liability bears to the Company's gross limit of liability under the policy reinsured.

    (h) The Company shall pay or credit Skandia with its proportion of salvages (i.e. recoveries or reimbursements made or obtained by the Company), after deducting the cost of obtaining such salvage. The cost of obtaining salvage shall include salaries and expenses of the Company's staff adjusters but shall exclude the office expenses or salaries and expenses of all other employees of the Company. If the reinsurance provided hereunder is on an excess of loss basis, salvage shall be applied in the inverse order in which liability attached; otherwise salvage shall be applied proportionately.

4. **INSPECTION.** At the request of Skandia, the Company shall place at its disposal and Skandia shall have the right at all reasonable times in the office of the Company, or elsewhere if mutually agreed, to inspect all books, records and papers of the Company in any way pertaining to the reinsurance provided hereunder, including but not limited to claims in connection therewith.

5. **INSOLVENCY.** In the event of the insolvency of the Company the reinsurance liability provided by this Certificate shall be payable by Skandia directly to the Company, or to its liquidator, receiver or statutory successor on the basis of the liability of the Company under the policy reinsured without diminution because of such insolvency. It is understood, however, that Skandia shall be given written notice of the pendency of each loss or claim against the Company, indicating the policy reinsured, which may involve the reinsurance liability provided by this Certificate within a reasonable time after such loss or claim is filed in the insolvency proceeding.

    During the pendency of such loss or claim, Skandia shall have the right to investigate each such loss or claim and interpose, at its own expense, in the proceeding where the loss or claim is to be adjudicated, any defense which it may deem available to the Company or its liquidator, receiver or statutory successor. The expense thus incurred by Skandia shall be chargeable, subject to court approval, against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by Skandia.

6. **TAXES.** The Company shall be liable for taxes on premiums ceded to Skandia under this Certificate.

7. **OFFSET.** Skandia and the Company shall have the right to offset any balance or balances, whether on account of premiums or losses or otherwise, due from either party to the other party under this Certificate or under any other reinsurance certificate or agreement heretofore or hereafter entered into by and between them, and may offset the same against any balance or balances due or to become due to the former from the latter under the same or any other reinsurance certificate or agreement between them. The party asserting the right of offset shall have and may exercise such right whether the balance or balances due or to become due to such party from the other are on account of premiums or on account of losses or otherwise and regardless of the capacity, whether as assuming reinsurer or as ceding insurer, in which each party acted under the certificate or agreement, or if more than one, the different certificates and agreements involved, provided, however, that in the event of insolvency of either party hereto, offsets shall only be allowed in accordance with the provisions of the New York State Insurance Law, Sec. 538.

8. **PRIOR ACCEPTANCE.** If the reinsurance provided hereunder attaches prior to the date of acceptance by Skandia, the Company warrants that there are no known reported claims or losses which might be recoverable under the Certificate as of the date this reinsurance is accepted.

9. **CANCELLATION.** If the Company cancels the policy or policies reinsured hereunder, said cancellation shall automatically cancel this reinsurance effective the same date and on the same basis as the policy or policies of the Company. This certificate may be canceled by either party's giving not less than thirty days notice in writing by registered mail to the other party. If canceled by the Company without simultaneous cancellation of the Company's policy, adjustment of premium shall be on a short rate basis.

10. **MISCELLANEOUS.** The terms of this Certificate shall not be waived, amended or in any way modified unless such waiver, amendment or modification is contained in an endorsement to this Certificate, executed by a duly authorized representative of Skandia. Assignment of this Certificate shall not be valid except with the written consent of Skandia.

IN WITNESS WHEREOF, Skandia has caused this Certificate to be executed and attested and it shall become valid and binding when signed by a duly authorized representative.

ATTEST:

_[signature]_
Vice President

_[signature]_
President

Granite State 000210