UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            )
GRANITE STATE INSURANCE                                     )
COMPANY,                                                    )
                                                            )
            Plaintiff,                                      )
                                                            )  Civil Action No.: 09 CV 10607 (RJH)
       -against-                                            )
                                                            )
CLEARWATER INSURANCE COMPANY,                               )
f/k/a ODYSSEY REINSURANCE                                   )
CORPORATION, f/k/a SKANDIA                                  )
AMERICA REINSURANCE                                         )
CORPORATION,                                                )
                                                            )
            Defendant.                                      )

## DECLARATION OF MATTHEW J. LASKY, ESQ.

I, **MATTHEW J. LASKY, ESQ**, pursuant to 28 U.S.C. § 1746, declare:

1. I am associated with the law firm of Mound Cotton Wollan & Greengrass, counsel for plaintiff, Granite State Insurance Company ("Granite State"), in this action. I submit this declaration in support of Granite State's Motion for Summary Judgment.

2. Attached hereto as Exhibit 1 is a true and accurate copy of Granite State's Second Amended Complaint, dated December 1, 2010.

3. Attached hereto as Exhibit 2 is a true and accurate copy of the Answer To Second Amended Complaint And Demand For Jury Trial filed by defendant, Clearwater Insurance Company, f/k/a/ Odyssey Reinsurance Corporation, f/k/a Skandia America Reinsurance Corporation ("Clearwater"), dated December 14, 2010.

4. Attached hereto as Exhibit 3 are true and accurate copies of Pennsylvania Department of State and New York Department of State records identifying Granite State as a Pennsylvania corporation. The New York Department of State record identifies Granite State's

principal place of business as New York, New York, and further indicates that Granite State is part of American International Group, Inc. ("AIG").

5. Attached hereto as Exhibit 4 is a true and accurate copy a New York Department of State record identifying AIG as a Delaware corporation with its principal place of business in New York, New York.

6. Attached hereto as Exhibit 5 is a true and accurate copy of Notice Of Filing Of Settlement Agreement Involving ACE USA Companies, Approval Order And Orr Declaration Re: Motion To Approve Settlement, dated October 30, 2007, with attachment. Attached to this motion is an October 2007 settlement between, among others, Federal-Mogul Products, Inc. ("Federal Mogul") and various carriers, including the U.S. Fire Insurance Company. This document was retrieved by counsel through the PACER service.

7. Attached hereto as Exhibit 6 is a true and accurate copy of Motion Of The Federal-Mogul Asbestos Personal Injury Trust Seeking Extension Of The Third Party Injunction To Allstate Insurance Company Under Confirmed Plan, dated November 20, 2008. This document indicates that Allstate Insurance Company ("Allstate") settled its asbestos-related coverage disputes with Federal Mogul. This document was retrieved by counsel through the PACER service. Allstate is the successor-in-interest to Northbrook Insurance Company. (See Yoon Dec., Ex. 8, at 2 Granite 000253, 000291.)

8. Attached hereto as Exhibit 7 is a true and accurate copy of Clearwater's Memorandum Of Law In Support Of Its Motion To Compel, dated October 22, 2010.

9. Attached hereto as Exhibit 8 is a true and accurate copy of excerpts from Clearwater's Memorandum In Support Of Its Motion For Summary Judgment, dated March 4, 2011, in the Massachusetts state court action captioned Lexington Ins. Co. v. Clearwater Ins.

Co., Case No. 09-0234-C ("Lexington Action").

10. Attached hereto as Exhibit 9 are true and accurate copies of the reinsurance contracts at issue in the Lexington Action.

11. Attached hereto as Exhibit 10 is a true and accurate copy of Jean Willig's July 2, 1985 letter produced by Clearwater in this action.

12. Attached hereto as Exhibit 11 is a true and accurate copy of a "Preliminary Claims Notice," dated June 8, 1994, produced by Clearwater in this action.

13. Attached hereto as Exhibit 12 are true and accurate copies of various documents from the 1982 through 1984 time period that were sent on behalf of Granite State to Clearwater. These documents were produced from Clearwater's files.

14. Attached hereto as Exhibit 13 are true and accurate copies of various internal Clearwater documents from the 1982 through 1994 time period. These documents were produced from Clearwater's files.

15. Attached hereto as Exhibit 14 are true and accurate copies of Clearwater "Casualty Facultative Claim Notices," prepared on November 22, 1982 and produced from Clearwater's files.

16. Attached hereto as Exhibit 15 are true and accurate copies of Clearwater computer screens produced by Clearwater in this action.

17. Attached hereto as Exhibit 16 are true and accurate excerpts from the December 15, 2010 deposition of Theresa Chavez ("Chavez Tr.").

18. Attached hereto as Exhibit 17 are true and accurate excerpts from the March 8, 2011 deposition of Jean M. Willig ("Willig Tr.").

19. Attached hereto as Exhibit 18 are true and accurate excerpts from the January 19,

2011 deposition of Evelyn Drew ("Drew Tr.").

20.     Attached hereto as Exhibit 19 are true and accurate copies of (a) excerpts from Clearwater's Memorandum Of Law In Opposition To Summary Judgment Motion Of National Union Fire Ins. Co. and in Support of Its Motion To Compel Production Of Documents, dated February 3, 2006, and filed in the Southern District of New York in the matter captioned <u>National Union Fire Ins. Co. v. Clearwater Ins. Co.</u>, and (b) "Cohen Ex. E" as cited therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2011
New York, NY

_____
Matthew J. Lasky, Esq.