# EXHIBIT 10



**CHARTIS**

Chartis Claims, Inc.
**Asbestos Claims Department**
101 Hudson Street, 29ᵗʰ Floor
Jersey City, NJ 07302
June 14, 2010

Evelyn Y. Drew, JD
Assistant Vice-President
Odyssey Re
300 First Stamford Place
Stamford, CT 06902

     Re: Insured: McGraw Edison (Dresser & Federal Mogul)
     Policy Number: 66801963
     Claim Number: 170-054282
     DOL: 3/1/80
     Reinsurer: Odyssey Re

Dear Ms. Drew:

Please accept this letter in response to your e-mail inquiry of March 19, 2010 to Chris Magnotta of Chartis.

As per your request for Chartis' (AIG) exposure analysis, as to Federal Mogul, the following provides an explanation of how the $72M settlement figure was determined, detailing the background, claims history, litigation/ mediation/settlement discussions, and the exposure analysis that was used to assess the AIG Companies' potential exposure on this matter and to arrive at the $72M settlement figure.

The following is a brief narrative detailing the background of this claim.

In 2004, an agreement was reached with Dresser Industries/Halliburton ("Dresser"). Dresser was seeking coverage under policies issued to Studebaker-Worthington, Inc. ("S-W") from 1967-1979 and McGraw Edison Company ("M-E") from 1979-1985. As of 1967, Worthington Company was an independently operated entity and ALCO was its subsidiary. In 1967, however, Studebaker, Corp. and Worthington Company merged to form S-W. Also, in 1967 S-W purchased stock of Wagner Electric Corporation ("Wagner"). Accordingly, both ALCO and Wagner continued to be operated as wholly owned subsidiaries of S-W. In 1979, the stock of S-W was purchased by a subsidiary of M-E. In 1985, Cooper purchased all of the stock of M-E, and as a result, Wagner became a subsidiary of Cooper. Wagner was later merged into Moog Automotive, another Cooper subsidiary. In 1998, Federal Mogul Products, Inc. ("Federal Mogul") purchased the common stock of a number of companies in Cooper's businesses, including Moog. Moog was then renamed Federal Mogul. Wagner manufactured and sold various items of asbestos-containing friction products including brake assemblies and brake block linings.

In 1985, the above corporate arrangements split into two separate branches that now constitute Dresser/Halliburton branch and the Federal Mogul branch, with both branches having shared interests in the S-W and M-E coverage from 1967–1985.

In order to proceed with the settlement with Dresser, and to preclude Federal Mogul or any other entity from seeking to access the limits of liability under the S-W and M-E policies which were subject to the settlement with Dresser, the parties agreed to a vertical partition of the limits of liability under the policies with 50% of the available limits going to Dresser and 50% of the remaining available limits going to Federal Mogul or any other entity that may attempt to prove coverage under these policies. The Partitioning Agreement was approved by the bankruptcy courts.

The claims at issue arise from asbestos related bodily injury claims asserted against Federal Mogul, as successor in interest to Wagner.

As discussed above and previously reported, there were two separate and distinct settlement agreements achieved by the AIG Companies on the McGraw Edison claims, one for Dresser and another one for Federal Mogul. The Federal Mogul settlement agreement was subject to a court approved partitioning agreement in the Dresser matter. Due to the Partitioning Agreement, the McGraw Edison policies, including policy 66801963 is being shared by both the Dresser and Federal Mogul settlement agreements on a 50/50 basis. Therefore, policy 66801963 applies to both settlement agreements. Separate claim numbers were established for the separate settlement agreements, consistent with the Partitioning Agreement.

With respect to your inquiry regarding the rationale for the $72MM settlement, asbestos bodily injury claims were first filed against Wagner beginning in 1979. From 1998 to 2001, when Federal Mogul filed for bankruptcy, approximately 51,000 claims were filed against Federal Mogul as successor to Wagner. As of 2001, there were approximately 35,000 asbestos bodily injury claims pending against Federal Mogul, with 93% of the claims characterized as asbestosis claims. The remaining claims consisted of mesothelioma (2.2%), lung cancer (4.4%), "other cancer" (.28%) and "other" (0.09%) claims.

Declaratory Judgment Actions regarding coverage for the Wagner/ Federal Mogul claims were filed in the New York and New Jersey State Courts. The New York case was stayed pending resolution of the New Jersey action. The New Jersey Action is currently in the midst of discovery.

Federal Mogul estimated that future claims against Federal Mogul would range in value from $500 million to approximately $1 billion. The insurance carriers believed that a reasonable projection for the exposure was in the range of $500 million to $650 million. Their analysis was based on the claims data obtained from Federal Mogul and from the Manville Trust. The AIG Companies' collective exposure was projected to be approximately in the range of $67M to $121M.

The parties attempted to resolve the case through mediation, but were unsuccessful, primarily due to the significant differences involving the choice of law issue and the estimated size of the projected future and total asbestos liabilities. In July 2006, Federal Mogul reduced its demand to $99M (NPV), or 65% of available limits.

A significant factor in the evaluation leading to settlement dealt with which state's law would apply. Application of New Jersey law was more likely since the declaratory judgment action was likely to proceed in New Jersey. New Jersey law would require allocation of the claims pursuant to Carter Wallace as opposed to a pro-rata time-on-the-risk.

Assuming the court found that New Jersey law applied and that Federal Mogul had correctly estimated future liability at approximately $1 billion, approximately $121 million of the $150 million in coverage issued by the AIG Companies (or roughly 80.6%) would be exposed. Thus,

the application of New Jersey law in this case would have served to increase, substantially, the exposure faced by the AIG Companies.

We believe that the $72M settlement is an extremely favorable resolution for the AIG Companies, enabling the AIG Companies to achieve a 40% discount against potentially exposed limits of $121M. The settlement amount was allocated to the AIG Companies' policies based on a rising bathtub allocation methodology. Moreover, all payments after the first $40M, under the Settlement Agreement, are dependent upon the level of Liquidated Wagner Asbestos Claims[1] incurred by the Federal Mogul U.S. Asbestos Personal Injury Trust (the "Trust"). As such, the Trust must incur a certain minimum dollar amount relative to the Liquidated Wagner Asbestos Claims, as defined by the Settlement Agreement, for the next payment to accrue. Therefore, the full amount contemplated under the settlement agreement may not be realized.

As to Dresser, attached are copies of the policies requested, as well as the underlying policies.

As to your inquiry regarding notice, our records indicate that Odyssey Re had previously received notice of this settlement on or before August 30, 2005. See attached letter of August 30, 2005 from the undersigned to Michael Somma of Odyssey Re.

Finally, as to the issue of allocation and a discount under the agreement, one of the benefits of this settlement was that AIG was given the ability to make payments for claims already pending over an extended period of time. As such, we utilized an allocation methodology commonly known as a "bathtub" allocation that was most fair and appropriate in terms of which policies would be implicated first and those that would pay later. Lower layer policies, which would pay first by definition, still did so, while upper layer policies would make payment upon exhaustion of the lower layer policies, as would be the case even if no agreement were in place. Payments over time provide a net present value discount, which pertains to the account overall and not to any specific policy.

Yours truly,

Leticia Diaz
Asbestos Claims Department
Chartis Claims, Inc.

The information and documents contained herein are provided for the sole purpose of responding to your inquiry and should not be used for any purpose other than the handling of our claim by intermediaries and our reinsurers. The documents and information provided herewith, or portions thereof, are privileged (as attorney client privilege or work product) and are provided with the understanding that you will maintain their confidentiality. If any information contained in this response or its enclosures is forwarded to retrocessionaires, we expect that the reinsurer will attempt to ensure that its confidentiality is maintained. If any other party requests this information or documentation, please advise us as to the identity of the requesting party and the nature of the request. No information or documentation provided with or in this letter should be given to any other party without our prior written approval.

---

[1] Pursuant to the Settlement Agreement, "Liquidated Wagner Asbestos Claim" means "a Wagner Asbestos Claim that has been (1) liquidated and allowed in an amount determined pursuant to the provisions of the Plan and the Federal Mogul U.S. Asbestos Personal Injury Trust Distribution Procedures . . . and (2) qualified for payment under the terms of the Federal-Mogul U.S. Asbestos Personal Injury Trust Distribution Procedures . . ."

*8!*

| Declarations | **THE DEFENDER**<br>Commercial Comprehensive<br>Catastrophe Liability Policy | POLICY NUMBER<br>523 067253 3 |

| DATE ISSUED   MARCH 23, 1981 | RENEWAL OR REPLACEMENT OF   523 077428 |

| Item | NAMED INSURED & ADDRESS |
|---|---|
| 1. | McGRAW-EDISON COMPANY & ITS OWNED OR FINANCIALLY CONTROLLED SUBSIDIARIES<br>One Continental Tower<br>1701 Golf Road<br>Rolling Meadows, Illinois   60008 |

**2. POLICY PERIOD:** POLICY COVERS FROM <u>MARCH 1, 1981</u> TO <u>MARCH 1, 1984</u>
12:01 a.m. Standard Time at the Named Insured's address stated above.

**3. COVERAGE IS PROVIDED BY COMPANY CHECKED**

☒ UNITED STATES FIRE INSURANCE COMPANY
☐ THE NORTH RIVER INSURANCE COMPANY
☐ WESTCHESTER FIRE INSURANCE COMPANY
☐ INTERNATIONAL INSURANCE COMPANY

REPRESENTATIVE:

Agent or Broker
Office Address
Town, State & Zip

THE LONDON AGCY., INC.
1230 W. PEACHTREE ST., N.W.
ATLANTA, GA.  30309
0-07723-2

**4. LIMIT OF LIABILITY — As Insuring Agreement V**

(A) Coverage I (a), I (b), or I (c) or all combined with respect to each occurrence
$  12,500,000. part of
$  25,000,000.

(B) Aggregate limit for each annual period with respect to the products hazard
$  12,500,000. part of
$  25,000,000.

(C) Self-Insured Retention
$  See Endorsement No. 1

**5. PREMIUM IS PAYABLE**

$ 287,500.  in advance adjustable at a rate of _____ per  Flat Charge
annual exposure estimated at: _____

$ 287,500.  annual minimum premium

JAJ/ddv        POLICY JACKET, FORMS AND ENDORSEMENTS ATTACHED TO THIS POLICY AT INCEPTION:

| | | | |
|---|---|---|---|
| L-4021J (8-78) | END'T #8 | END'T #17 | LA-MI 411 (2-80) |
| LA-MI 450 (2-80) | FM-387 (2-80) | END'T #18 | |
| END'T #1 | END'T #10 | END'T #19 | |
| END'T #2 | END'T #11 | END'T #20 | |
| END'T #3 | FM-195 (10-80) | END'T #21 | |
| END'T #4 | END'T #13 | END'T #22 | |
| END'T #5 | END'T #14 | | |
| END'T #6 | END'T #15 | | |
| END'T #7 | END'T #16 | | |

Countersigned by  *Frank Kinnett*
AUTHORIZED REPRESENTATIVE

THESE DECLARATIONS, TOGETHER WITH "POLICY PROVISIONS — PART ONE," AND ENDORSEMENTS, IF ANY, ARE ISSUED AS PART OF, AND IN THE COMPLETION OF THE ABOVE NUMBERED POLICY.

L 4021 D (10-74) Printed (6-79)

WA-004047
CW 01295

ENDORSEMENT NO. 1

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

It is agreed that Item 4(C) of the Declarations, Self-Insured Retention, is
completed to read as follows:

    (C)  Self-Insured Retention-

        $500,000.00   Each Occurrence

           Subject to:  1)  $7,500,000. annual aggregate with respect
to occurrence within the United States of
America, its territories, possessions or
Canada and, in addition:

                     2)  $1,500,000. annual aggregate with respect
to occurrence outside the United States of
America, its territories, possessions or
Canada.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kinsett*
Authorized Representative

WA-004048
CW 01296

ENDORSEMENT NO. 2

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

It is agreed that Insuring Agreement II, Defense Settlement, is eliminated
and replaced as follows:

II.   Self-Insured Retention - Defense

With respect to any occurrence not covered, as warranted, by the under-
lying policies listed in Schedule A hereof or not covered by any other
underlying insurance collectible by the Insured, but covered by the
terms and conditions of this policy except for the amount of Self-
Insured Retention specified in Item 4(C) of the Declarations:

1.   The Insured shall have the obligation to provide at his own ex-
pense adequate defense and investigation of any claim and to ac-
cept any reasonable offer of settlement within the Self-Insured
Retention and in event of failure of the Insured to comply with
this clause, no loss, cost or expense shall be payable by the Com-
pany.

2.   In the event of a claim or claims arising which appear likely to
exceed the Self-Insured Retention, no costs, other than loss ad-
justing expenses, shall be incurred by the Insured without the
written consent of the Company.

3.   In the event of any settlement or judgement in excess of the Self-
Insured Retention, such payment being first agreed upon by both
the Insured and the Company, the Insured and the Company agree to
pro rate all legal and defense costs and expenses according to the
settlement or payment of each.

4.   The Company shall have the right in all cases, at its own expense,
to assume charge of the defense and/or settlement of any claim
and, upon written request from the Company, the Insured shall ten-
der such portion of the Self-Insured Retention as the Company may
deem necessary to complete the settlement of such claim.

Page 1 of 3

WA-004049 CW 01297

ENDORSEMENT NO. 2 (Continued)

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

5.   The Insured shall at all times

(a)   Give to the Company or their duly appointed representatives
such information, assistance and signed statements as the
Company may require, and

(b)   Assist in the defense of any claim without charge to the
Company.

6.   Permission to Insure.  The Named Insured may procure insurance for
all or any part of the Self-Insured Retention, however, the exist-
ance of any such insurance shall not relieve the Named Insured of
any of the duties or obligations contained in this endorsement un-
less specifically agreed by the Company and endorsed hereon.

7.   In the event of exhaustion of the annual aggregate Self-Insured
Retention as stated in Item 4(C) of the Declarations by reason of
losses paid thereunder the provisions of Insuring Agreement II,
Defense Settlement, shall be reinstated.

It is agreed that Insuring Agreement V, Retained Limit - Limit of Liability
is amended to read as follows:

V.   Self-Insured Retention - Limit of Liability

With respect to Coverage 1(a), 1(b) or 1(c), or any combination there-
of, the Company's liability shall be only for the ultimate net loss in
excess of the Insured's Self-Insured Retention defined as the greater
of:

(a)   The total of the applicable limits of the underlying policies
listed in Schedule A hereof, and the applicable limits of any
other underlying insurance collectible by the insured; or

Page 2 of 3

WA-00405C CW 01298

ENDORSEMENT NO. 2 (Continued)

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

    (b)  an amount as stated in Item 4(C) of the Declarations as the result
          of any one occurrence not covered by the said policies or insur-
          ance;

    and then up to an amount not exceeding the amount as stated in Item
    4(A) of the Declarations as the result of any one occurrence. There is
    no limit to the number of occurrences during the policy period for
    which claims may be made, except that the liability of the Company
    arising out of the products hazard on account of all occurrences during
    each policy year shall not exceed the aggregate amount stated in Item
    4(B) of the Declarations.

In the event of the reduction or exhaustion of the aggregate limits of lia-
bility of the underlying policies listed in Schedule A or the annual aggre-
gate Self-Insured Retention as stated in Item 4(C) of the Declarations by
reason of losses paid thereunder, this policy, subject to the above limita-
tions, (1) in the event of reduction, shall pay the excess of the reduced
underlying limits; or (2) in the event of exhaustion, shall continue in
force as underlying insurance.

It is agreed that Condition D, Notice of Occurrence, is amended to include
the following additional conditions:

    1.  During the currency of this insurance and for such additional per-
        iod(s) as may be required by the Company the Named Insured shall
        provide the Company quarterly reports of all claims or incidents
        occurring within the Self-Insured Retention including a descrip-
        tion of each claim and amounts paid and/or reserved. Each report
        is to be submitted within twenty (20) days following the end of
        each quarterly period.

    2.  In addition the Insured shall give immediate notice to the Company
        of any claim reasonable likely to exceed $100,000.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kinnett*
Authorized Representative

Page 3 of 3

WA-00405  CW 01299

ENDORSEMENT NO. 3

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

It is agreed that Exclusion (a) is deleted and replaced by the following:

(a)  under Coverage 1(a), to any obligation for which the Insured or
     any of its insurers may be held liable under any workmen's or un-
     employment compensation, disability benefits or similar law, un-
     less coverage therefor is provided by policies listed in Schedule
     A attached to this policy, provided however, that this exclusion
     does not apply to liability of others assumed by the named insured
     under contract.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kinnett*
Authorized Representative

This schedule effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY & ITS OWNED OR FINANCIALLY CONTROLLED SUBSIDIARIES
By United States Fire Insurance Company

## SCHEDULE A -- SCHEDULE OF UNDERLYING INSURANCE

| UNDERLYING POLICIES | APPLICABLE LIMITS | | INSURER |
|---|---|---|---|
| (a) Insured States Standard Workers' Compensation & Employers Liability | Coverage B-Employer's Liability $   250,000.00 | one accident | NATIONAL UNION |
| (b) Ship Repairs Legal Liability | $ 1,000,000.00 | each occurrence and each vessel | NEW HAMPSHIRE |
| (c) Specific Excess Workers' Compensation including Employers' Liability (applicable in self-insured states) | $10,000,000.00 $   250,000.00 | excess of self-insured retention | NATIONAL UNION |
| (d) Comprehensive General Liability (Solely with respects to Contract #22-6519-0 between the Insured and Pacific Gas & Electric Company) | Bodily Injury & Property Damage Combined Single Limit $   500,000.00 $   500,000.00 | each occurrence aggregate (where applicable) | ILLINOIS SURPLUS LINES |
| includes the following coverages: Blanket Contractual Broad Form Property Damage Employees as Insureds | | | |

*see revision*

LA-MI 450 (2-80)

S-2

WA-004053    CW 01301

This schedule effective March 12, 1981
forms part of policy number 523 067253
issued to McGRAW-EDISON COMPANY & ITS OWNED OR FINANCIALLY CONTROLLED SUBSIDIARIES
By United States Fire Insurance Company

SCHEDULE A -- SCHEDULE OF UNDERLYING INSURANCE
REVISED

| UNDERLYING POLICIES | APPLICABLE LIMITS | INSURER |
|---|---|---|
| (a) Insured States Standard Workers' Compensation & Employers Liability | Coverage B--Employer's Liability $ 250,000.00 One Accident | National Union |
| (b) Specific Excess Workers' Compensation including Employers' Liability (applicable in self-insured states) | $10,000,000.00 $ 250,000.00 excess of self-insured retention | National Union |
| (c) Comprehensive General Liability (Solely with respects to Contract #22-6519-0 between the Insured and Pacific Gas & Electric Company | Bodily Injury and Property Damage Combined Single Limit $ 500,000.00 $ 500,000.00 Each Occurrence Aggregate when applicable | Illinois Surplus Lines |

includes the following
coverages:
Blanket Contractual
Broad Form Property
Damage
Employees as Insureds

*See 2nd Revision*

LA-MI 450 (2-80)

S-2

JAJ/jpm
September 14, 1981

This schedule effective August 26, 1981
forms part of policy number 523 067253
issued to McGRAW-EDISON COMPANY & ITS OWNED OR FINANCIALLY CONTROLLED SUBSIDIARIES
By United States Fire Insurance Company

SCHEDULE A -- SCHEDULE OF UNDERLYING INSURANCE
2ND REVISION

| UNDERLYING POLICIES | APPLICABLE LIMITS | INSURER |
|---|---|---|
| (a) Insured States Standard Workers' Compensation & Employers Liability | Coverage B--Employer's Liability<br>$   250,000.00        One Accident | National Union |
| (b) Specific Excess Workers' Compensation including Employers' Liability (applicable in self-insured states) | $10,000,000.00<br>$   250,000.00        excess of self-insured retention | National Union |
| (c) Comprehensive General Liability (Solely with respects to Contract #22-6778-1 between the Insured and Pacific Gas & Electric Company· | Bodily Injury and Property Damage Combined Single Limit<br>$   500,000.00        Each Occurrence<br>$   500,000.00        Aggregate when applicable | Illinois Surplus Lines |
|  | includes the following coverages:<br>Blanket Contractual<br>Broad Form Property Damage<br>Employees as Insureds |  |

LA-MI 450 (2-80)

S-2

JAJ/jpm
September 14, 1981

WA-00405 CW 01303

ENDORSEMENT NO. 4

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

It is agreed that Exclusion (b) (3) is deleted and replaced as follows:

     (b)   (3)    any goods, products or containers thereof manufactured, sold
                  handled or distributed, or work completed by or for the in-
                  sured, out of which the occurrence arises, but limited to
                  that part of any goods or products or work completed by or
                  for the insured out of which the occurrence arises; or

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kinnett*
Authorized Representative

WA-004056 CW 01304

ENDORSEMENT NO. 5

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

It is agreed that Exclusion (d) is amended to read as follows:

(d)  Under Coverage 1(b).

1.  To damages claimed for the withdrawal, inspection, repair, re-
placement, or loss of use of the Insured's products or work
completed by or for the Insured or of any property of which
such products or work forms a part, if such products, work or
property are withdrawn from the market or from use because of
any known or suspected defect or deficiency therein:

2.  To loss of use of tangible property which has not been physi-
cally injured or destroyed resulting from

(a)  A delay in or lack of performance by or on behalf of the
Insured of any contract or agreement, or

(b)  The failure of the Insured's products or work performed
by or on behalf of the Insured to meet the level of per-
formance, quality, fitness or durability warranted or
represented by the Insured; but this exclusion does not
apply to loss of use of other tangible property resulting
from the sudden and accidental physical injury to or de-
struction of the Insured's products or work performed by
or on behalf of the Insured after such products or work
have been put to use by any person or organization other
than an Insured.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kimmitt*
Authorized Representative

WA-00405   CW 01305

ENDORSEMENT NO. 6

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

## INCIDENTAL MEDICAL MALPRACTICE LIABILITY COVERAGE

The definition of personal injury is amended to include Incidental Medical
Malpractice Injury.

Incidental Medical Malpractice Injury means injury arising out of the ren-
dering of or failure to render, during the policy period, the following ser-
vices:

   (A)  Medical, surgical, dental, x-ray or nursing service or treatment
        or the furnishing of food or beverages in connection therewith;
        or

   (B)  the furnishing or dispensing of drugs or medical, dental or surgi-
        cal supplies or appliances.

This coverage does not apply to:

   (1)  Expenses incurred by the insured for first aid to others at the
        time of an accident.

   (2)  Any insured engaged in the business or occupation of providing any
        of the services described above.

   (3)  Injury caused by an indemnitee if such indemnitee is engaged in
        the business or occupation of providing any of the services de-
        scribed above.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.


*Frank Kinnett*
Authorized Representative

ENDORSEMENT NO. 7

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

It is agreed that this policy does not apply to the "Products Hazard" as de-
fined in this policy for liability arising out of aircraft products manufac-
tured by the Insured.

"Aircraft Products" means aircraft (including missiles or spacecraft and any
ground support or control equipment used therewith) and any article, with
the exception of wire insulation material, furnished by the Insured and in-
stalled on aircraft or used in connection with aircraft or for spare parts
for aircraft, including ground handling tools and equipment, and also means
training aids, instructions, manuals, blueprints, engineering or other data,
engineering or other advice relating to such aircraft or articles.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kinnett*
Authorized Representative

WA-00405  CW 01307

ENDORSEMENT NO. 3

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company


It is agreed that the Insured by signing below, hereby agrees to reject any
and all Uninsured Motorists benefits that might otherwise be construed to be
afforded under this policy.

Signed and Accepted by:

_____
Insured

_____
Date        *April 30, 1981*

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.


_____
Authorized Representative

WA-00406 CW 01308

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

AIRCRAFT LIABILITY ENDORSEMENT

If coverage is provided to the insured in the underlying insurance
listed below, Coverage 1(a) and 1(b) of this policy applies to liability
arising out of the ownership, maintenance, operation, use, loading, or
unloading of any aircraft.

SCHEDULE A – SCHEDULE OF UNDERLYING INSURANCE

Underlying Policy                                 Insurer
Owned & Non-Owned                                 Associated Aviation Underwriters

Limits of Liability

| | | | |
|---|---|---|---|
| Bodily Injury Excluding Passengers | $ | N/A | Each Person |
| | $ | N/A | Each Occurrence |
| Passenger Bodily Injury Liability | $ | N/A | Each Person |
| | $ | N/A | Each Occurrence |
| Property Damage | $ | N/A | Each Occurrence |

Single Limit
Bodily Injury and Property Damage          $ 100,000,000.00     Each Occurrence
(X) Including Passenger Bodily Injury
( ) Excluding Passenger Bodily Injury

This policy does not apply to any voluntary coverage such as, but not
limited to, admitted liability, as may be provided in the underlying
insurance.

Endorsement No. 9
FM.101.0.387 (3-77/LA2-80)

A-10

Page 1 of 2

WA-00406  CW 01309

This policy does not apply to damage to or loss of use of any aircraft in the care, custody, or control of the insured or as to which the insured is exercising physical control.

This policy does not apply to any liability arising out of the ownership, maintenance, operation, use, loading, or unloading of any aircraft if coverage is not provided to the insured in the underlying insurance listed above.

All other terms and conditions of this policy remain unchanged.

*Frank Kennett*
Authorized Representative

Endorsement No. 9
FM.101.0.387 (3-77/LA2-80)

A-10

Page 2 of 2

WA-00406 CW 01310

ENDORSEMENT NO. 10

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

<u>SHIP REPAIRS LEGAL LIABILITY LIMITATION</u>

Except insofar as coverage is available to the insured in the underlying in-
surance as set out in Schedule A of the policy, it is agreed that this policy
shall not apply under Coverage 1(a), (b) or (c) to liability arising out of
Ship Repairs Legal Liability.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kinnett*
Authorized Representative

WA-0040( CW 01311

ENDORSEMENT NO. 11

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
Issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

FOREIGN UNDERLYING INSURANCE

It is agreed that with respect to any expense, claim, suit or proceeding
against the Insured outside of the United States, its territories or posses-
sions or Canada, the Company's limit of liability shall apply in excess of
the following minimum limits whether insured, self-insured, uninsured, or a
combination of any.

| COVERAGE | EACH OCCURRENCE |
|---|---|
| Comprehensive General Liability Bodily Injury & Property Damage | $500,000.00 C.S.L. |
| Comprehensive Automobile Liability | $500,000.00 C.S.L. |
| Employers Liability | $500,000.00 |

It is further agreed that the Company shall not be called upon to assume
charge of the settlement or defense of any claim or suit brought or proceed-
ing instituted against the Insured as respects any claim made or suit brought
outside of the United States, its territories or possessions, or Canada but
the Company shall have the right but not the duty to associate with the In-
sured or the Insured's underlying insurers, or both in the defense or control
of any claim, suit or proceeding relative to an occurrence where the claim,
suit or proceeding involves or appears likely to involve the Company.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kinnett*
Authorized Representative

WA-00406   CW 01312

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

EMPLOYEE BENEFIT LIABILITY - COVERAGE I (d)

This policy is hereby extended to indemnify the insured for all sums in ex-
cess of a retained limit of (see page 2 of Endorsement #2) which the insured
shall become legally obligated to pay on account of any claim made against
the insured and caused by any negligent act, error or omission of the
insured or any other person for whose acts the insured is legally liable in
the administration of the insured's Employee Benefit Programs as defined
herein.

The term "Employee Benefit Programs" shall mean:

    Group Life Insurance, Group Accident or Health Insurance,
    Pension Plans, Employee Stock Subscription Plans, Workers'
    Compensation, Unemployment Insurance, Social Security,
    Disability Benefits, and any other similar Employee Benefit
    Programs.

Solely with respect to acts authorized by the named insured the term "Admin-
istration" shall mean:

    (1) counselling  to employees with respect to Employee
        Benefit Programs;

    (2) interpreting Employee Benefit Programs;

    (3) handling of records in connection with Employee Bene-
        fit Programs;

    (4) effecting enrollment, termination or cancellation of em-
        ployees under any Employee Benefit Programs.

Coverage as is provided by this endorsement does not apply to any:

    (1) dishonest, fraudulent, criminal or malicious act; or

    (2) personal injury, property damage, or advertising liability; or

    (3) claim for failure of performance of contract by any
        insurer; or

Endorsement No. 12
FM.101.0.195 (6-80)/LA10-80)

E-3

WA-00406 CW 01313

(4) claim based upon the insured's failure to comply with any law concerning workers' compensation, unemployment insurance, social security or disability benefits; or

(5) claim based upon failure of stock to perform as represented by an insured; or

(6) claim based upon advice given by an insured to an employee of the named insured to participate or not to participate in stock subscription plans; or

(7) claim for loss or damage arising out of any duty imposed upon the insured by virtue of the provisions of Public Law 93-406 the Employee Retirement Income Security Act of 1974, (commonly referred to as the Pension Reform Act of 1974), or any amendments thereto, or similar provisions of any Federal, State or local statutory limits or common law.

There is no limit to the number of claims which may be made hereunder, but the liability of the company on account of all claims made during this policy period shall not exceed the Limit of Liability stated in Item 4(A) of the Declarations.

With respect to coverage provided by this endorsement "occurrence" means any or all claims presented to an insured during this policy period. If, during this policy period, the insured shall become aware of any event which may subsequently give rise to a claim against them by reason of any negligent act, error or omission, the insured shall give written notice to the company of such event, and any claim which may subsequently be made against the insured arising out of that negligent act, error or omission shall be deemed for the purposes of this endorsement to have been made during this policy period.

All other terms and conditions of this policy remain unchanged.

*Frank Knott*
Authorized Representative

Endorsement No. 12
FM.101.0.195 (6-80/LA10-80)

E-3

Page 2 of 2

WA-00406  CW 01314

ENDORSEMENT NO. 13

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

### CARE, CUSTODY & CONTROL WARRANTY

The insured warrants that Fire and Extended Coverage insurance is secured
and shall be maintained to value on all real or personal property leased,
rented to, occupied by or in the care, custody or control of the insured ex-
cept that this endorsement shall not apply to:

1) Property while temporarily occupied by the insured for the
purpose of installing, erecting, testing, experimenting with
or removing apparatus, machinery or other equipment or,

2) vessels or other equipment in the care, custody or control of
the insured for which primary insurance is provided by the
Ship Repairs Legal Liability insurance as shown in Schedule
A.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kennett*
Authorized Representative

WA-00406    CW 01315

ENDORSEMENT NO. 14

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

## WAIVER OF SUBROGATION

It is agreed that the Company waives any right of subrogation which it might
have against the following:

1) United States of America or any department or division thereof

2) The Electrical Machinery Employees Credit Union

3) any other person or organization to which the insured has agreed
to waive subrogation in any written contract or agreement.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kinnett*
Authorized Representative

ENDORSEMENT NO. 15

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

CARLTON SANTEE CORPORATION

It is further agreed that the "Persons Insured" includes any person using or
legally responsible for the use of golfmobiles loaned or rented to others by
the Named Insured or any concessionaire of the Named Insured.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

Frank Kinnett
Authorized Representative

WA-004069 CW 01317

ENDORSEMENT NO. 16

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

EXCLUSION-MONTREAL LOCOMOTIVE WORKS, LTD.

It is agreed that this insurance does not apply to any loss arising out of
any operation by or on behalf of Montreal Locomotive Works, Ltd.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kinnett*
Authorized Representative

WA-00407 CW 01318

ENDORSEMENT NO. 17

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company


It is agreed that the City of Cleveland, Ohio is an Additional Insured under
this policy but only with respects to all operations performed by Studebaker
Worthington, Inc. under permits issued by the City of Cleveland.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.


*Frank Kennett*
Authorized Representative

WA-00407  CW 01319

ENDORSEMENT NO. 18

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

ADDITIONAL INSURED
Vendors — Broad Form

Name of Vendor
All vendors where required by contract

It is agreed that Definition 1(a) of "Named Insured" and "Insured" is amend-
ed to include any person or organization designated above (herein referred
to as "vendor") as an insured, but only with respect to the distribution or
sale in the regular course of the vendor's business of the named insured's
products designated above subject to the following additional provisions:

1.   The insurance with respect to the vendor does not apply to:

     (a)   any express warranty unauthorized by the named insured;

     (b)   bodily injury or property damage arising out of

           (i)    any physical or chemical change in the form of the pro-
                  duct made intentionally by the vendor,

           (ii)   repacking, unless unpacked solely for the purpose of
                  inspection, demonstration, testing or the substitution
                  of parts under instruction from the Manufacturer and
                  then repacked in the original container,

           (iii)  demonstration, installation, servicing or repair opera-
                  tions, except such operations performed at the vendor's
                  premises in connection with the sale of the product,
                  or

           (iv)   products which after distribution or sale by the named
                  insured have been labeled or relabeled or used as a
                  container, part or ingredient of any other thing or
                  substance by or for the vendor.

2.   The insurance does not apply to any person or organization, as in-
     sured, from whom the named insured has acquired such products or
     any ingredient, part or container, entering into, accompanying or
     containing such products.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kinnett*
Authorized Representative

ENDORSEMENT NO. 19

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

It is agreed that Condition N of the policy jacket, Cancellation, is amended
to read as follows:

"...... not less than ninety (90) days thereafter, such cancella-
tion shall be effective, except for non-payment of premium or non-
compliance by the Insured of the Annual Review Provision of the
policy in which event ten (10) days notice will be given."

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kennett*
Authorized Representative

WA-004073 CW 01321

ENDORSEMENT NO. 20

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company


It is agreed that this policy is subject to annual review of exposures .at
each Anniversary Date and the Insured agrees to provide such Anniversary Re-
view information as may be required by the Company.  Future Installment Pre-
miums may be adjustable in accordance with this Annual Review Provision and
the Insured agrees that Annual Review Information will be provided to the
Company at least thirty (30) days prior to each Anniversary Date.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.


*Frank Kinnett*
Authorized Representative

WA-00407· CW 01322

ENDORSEMENT NO. 21

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

It is agreed that as respects claims arising out of or in connection with
work performed for Pacific Power & Light Company by

McGRAW - EDISON COMPANY, POWER SYSTEMS DIVISION
(Contractor)

(1) Pacific Power & Light Company, a corporation, 920 S. W. Sixth
Avenue, Portland, Oregon, its directors, officers and employees,
are named as additional assureds under this policy; and

(2) this insurance is primary insurance with respect to the interests
of Pacific Power & Light Company and any other insurance maintain-
ed by Pacific Power & Light Company is excess and not contributory
with this insurance; and

(3) the following Cross Liability clause is made a part of this
policy:

The inclusion of more than one corporation, person, organization,
firm or entity as insured under this policy shall not in any way
affect the rights of any such corporation, person, organization,
firm or entity as respects any claim, demand, suit or judgement
made, brought or recovered, by or in favor of any other insured,
or by or in favor of any employee of such other insured. This
policy shall protect each corporation, person, organization, firm
or entity in the same manner as though a separate policy had been
issued to each, but nothing herein shall operate to increase the
Company's liability as set forth elsewhere in this policy beyond
the amount for which the company would have been liable if only
one person or interest had been named as insured; and

(4) notwithstanding any provision of the policy to which this endorse-
ment is attached, this policy may not be canceled by the insurance
company without giving 30 days' prior written notice of cancella-
tion to Pacific Power & Light Company.

All other terms and conditions of this policy remain unchanged.

_Frank Kennett_
Authorized Representative

WA-00407  CW 01323

ENDORSEMENT NO. 22

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

It is agreed that, with respect to such insurance as is afforded, an action
"In Rem" shall be considered as a suit against the insured.

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kennett*
Authorized Representative

WA-004076 CW 01324

This endorsement effective March 1, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company


CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER


It is agreed that in the event of cancellation of this policy by the company, the company will give fifteen (15) days written notice prior to such cancellation to:

THE STATE BOARD OF ELECTRICITY
Griggs Midway Building - Room N-191
1821 University Avenue
St. Paul, Minnesota  55104


All other terms and conditions of this policy remain unchanged.

*Frank Kinnett*
Authorized Representative


Endorsement No. 23
LA-MI 411 (2-80)


C-2

This endorsement effective September 28, 1981
forms part of policy number 523 067253 3
issued to McGRAW EDISON COMPANY & ITS OWNED OR FINANCIALLY CONTROLLED SUBSIDIARIES
By United States Fire Insurance Company


CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER


It is agreed that in the event of cancellation of this policy by the company, the company will give fifteen  (15) days written notice prior to such cancellation to:

    Montgomery Ward & Co., Incorporated
    Two Montgomery Ward Plaza
    Chicago, Illinois  60671


All other terms and conditions of this policy remain unchanged.


_Frank Kennett_
Authorized Representative


Endorsement No. 24
LA-MI 411 (5-81)


C-2

JAJ/rlm

WA-00407 CW 01326

This endorsement effective  April 1, 1981
forms part of policy number  523 067253
issued to  McGRAW EDISON COMPANY, ET AL.
By  United States Fire Insurance Company

CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER

It is agreed that in the event of cancellation of this policy by the com-
pany, the company will give  thirty   (30) days written notice prior to such
cancellation to:

        City of La Habra for the furnishing of
        Turbine-Generator Unit
        for the Hydroelectric Power Facility

All other terms and conditions of this policy remain unchanged.

                        *Frank Kunnett*
                        Authorized Representative

Endorsement No.  24
LA-MI 411 (2-80)

C-2

JAJ/jpm
April 23, 1981

WA-004079  CW 01327

This endorsement effective June, 8, 1981, forms part of
policy number 523 067253
issued to McGRAW-EDISON COMPANY, etal
By United States Fire Insurance Company


In consideration of the premium charged, it is agreed that the City of
St. Louis, Missouri is an additional insured under this policy but only
as respects encroachment to loading dock located at 3711 Market Street,
St. Louis, Missouri (Hwy. #40 Project).

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.


*Frank Kennett*
Authorized Representative


Endorsement No. 25

JAJ/dbr
June 8, 1981

WA-00408( CW 01328

This endorsement effective    April 7, 1981
forms part of policy number    523 067253
issued to McGRAW-EDISON COMPANY, ET AL.
By   United States Fire Insurance Company

CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER

It is agreed that in the event of cancellation of this policy by the com-
pany, the company will give thirty    (30) days written notice prior to such
cancellation to:

Texaco Inc.
P.O. Drawer 1219
Morgan City, La.   70380.

All other terms and conditions of this policy remain unchanged.

*Frank Kinnett*
Authorized Representative

Endorsement No.   26
LA-MI 411 (5-81)

C-2
JAJ/jpm
July 13, 1981

WA-00408  CW 01329

This endorsement effective  April 7, 1981
forms part of policy number  523 067253
issued to McGRAW-EDISON COMPANY, ET AL.
By  United States Fire Insurance Company


CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER


It is agreed that in the event of cancellation of this policy by the com-
pany, the company will give  thirty   (30) days written notice prior to such
cancellation to:

                        Delta Service Industries
                        P.O. Box 401
                        Houma, LA  70361.


All other terms and conditions of this policy remain unchanged.


                        *Frank Kinrell*
                        Authorized Representative


Endorsement No.  27
LA-HI 411 (5-81)


C-2
JAJ/jpm
July 13, 1981


WA-004082 CW 01330

This endorsement effective June 30, 1981
forms part of policy number 523 067253
issued to  McGRAW-EDISON COMPANY, ET AL.
By   United States Fire Insurance Company


CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER


It is agreed that in the event of cancellation of this policy by the com-
pany, the company will give ten       (10) days written notice prior to such
cancellation to:

                    Teledyne Movible Offshore, Inc.
                    P.O. Box 51936
                    Lafayette, Louisiana  70505.


All other terms and conditions of this policy remain unchanged.


                              *Frank Kunnett*
                              Authorized Representative


Endorsement No.  28
LA-MI 411 (5-81)
JAJ/jpm
July 31, 1981
C-2

WA-00408  CW 01331

This endorsement effective  June 30, 1981
forms part of policy number  523 067253
issued to  McGRAW-EDISON COMPANY, ET AL.
By United States Fire Insurance Company


CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER


It is agreed that in the event of cancellation of this policy by the com-
pany, the company will give  ten    (10) days written notice prior to such
cancellation to:

                          Insurance Department
                          Florida Power & Light Company
                          P.O. Box 529100
                          Miami, Florida  33152.


All other terms and conditions of this policy remain unchanged.


                              *Frank Kinnett*
                          Authorized Representative


Endorsement No.  29
LA-MI 411 (5-81)
   JAJ/jpm
   July 31, 1981
C-2

WA-004084  CW 01332

This endorsement effective   June 30, 1981
forms part of policy number   523 067253
issued to  McGRAW-EDISON COMPANY, ET AL.
By United States Fire Insurance Company


CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER


It is agreed that in the event of cancellation of this policy by the com-
pany, the company will give   thirty   (30) days written notice prior to such
cancellation to:

                    Tenneco Oil Company
                    P.O. Box 51345 O.C.S.
                    Lafayette, Louisiana  70505.


All other terms and conditions of this policy remain unchanged.


*Frank Kunnett*
Authorized Representative


Endorsement No. 30
LA-MI 411 (5-81)
JAJ/jpm
July 31, 1981
C-2

WA-00408f CW 01333

This endorsement effective June 30, 1981
forms part of policy number 523 067253
issued to McGRAW-EDISON COMPANY, ET AL.
By  United States Fire Insurance Company


CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER


It is agreed that in the event of cancellation of this policy by the com-
pany, the company will give fifteen  (15) days written notice prior to such
cancellation to:

                    The Long Island Rail Road Company
                    Insurance Department
                    Jamaica Station
                    Jamaica, New York  11435.




All other terms and conditions of this policy remain unchanged.


                         *Frank Kennett*
                         Authorized Representative




Endorsement No. 31
LA-MI 411 (5-81)
JAJ/jpm
July 31, 1981
C-2

WA-00408 CW 01334

This endorsement effective June 18, 1981
forms part of policy number 523 067253
issued to McGRAW-EDISON COMPANY, ET AL.
By United States Fire Insurance Company


CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER


It is agreed that in the event of cancellation of this policy by the com-
pany, the company will give thirty (30) days written notice prior to such
cancellation to:

        Ocean Drilling & Exploration Company
        P.O. Box 61780
        New Orleans, La. 70161.


All other terms and conditions of this policy remain unchanged.


                       *Frank Kinnett*
                       Authorized Representative


Endorsement No. 32
LA-MI 411 (5-81)
JAJ/jpm
July 31, 1981
C-2

WA-00408 CW 01335

This endorsement effective March 12, 1981
forms part of policy number 523 067253
issued to McGRAW-EDISON COMPANY, ET AL.
By United States Fire Insurance Company

In consideration of the premium charged, it is agreed that Endorsement
No. 10, Ship Repairs Legal Liability Limitation, is deleted in its
entirety.

*Frank Kinnett*
Authorized Representative

Endorsement No. 33

JAJ/jpm
September14, 1981

WA-00408  CW 01336

This endorsement effective September 28, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, ET AL.
By United States Fire Insurance Company


In consideration of the premium charged, it is agreed that Endorsement
No. 24, Cancellation Notification to Certificate Holder, Certificate Holder
being Montgomery Ward & Company, Inc., issued effective September 28, 1981,
is deleted in its entirety.


*Frank Kennett*
Authorized Representative


Endorsement No. 34

JAJ/pp
December 3, 1981

WA-00408 CW 01337

This endorsement effective September 28, 1981, forms part of
policy number 523 067253 3
issued to McGRAW-EDISON COMPANY, ET AL.
By United States Fire Insurance Company


CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER


It is agreed that in the event of cancellation of this policy by the com-
pany, the company will give fifteen (15) days written notice prior to such
cancellation to:

                    Montgomery Ward & Co, Incorporated
                    Two Montgomery Ward Plaza
                    Chicago, Illinois  60671


All other terms and conditions of this policy remain unchanged.




                              _Frank Kinnett_
                              Authorized Representative




Endorsement No. 35
LA-MI 411 (2-80)


C-2

JAJ/jpm
November 25, 1981

This endorsement effective March 1, 1982
forms part of policy number 523 067253
issued to McGRAW-EDISON COMPANY, etal
By United States Fire Insurance Company

In accordance with Endorsement No. 20, Annual Review Endorsement, it
is agreed that for the period from March 1, 1982 to March 1, 1983 the
annual installment due will be $273,125.

All other terms and conditions of this policy remain unchanged.

*Frank Kinnett*
Authorized Representative

Endorsement No. 36

JAJ/dbr
March 5, 1982

WA-00409 CW 01339

This endorsement effective February 26, 1982
forms part of policy number 523 067253
issued to McGraw-Edison Company, ETAL
By   United States Fire Insurance Company

In consideration of the premium charged, it is agreed that Schedule A - - Schedule
of Underlying Insurance is amended to include the following underlying insurance
solely with respect to contract #DWS-399 between the Insured and The City of
Detroit, Michigan.

| Comprehensive General Liability including: Blanket Contractual Independent Contractors Broad Form Property Damage Employees as Insureds | Bodily Injury & Property Damage Combined Single Limit | | |
|---|---|---|---|
| | $500,000.00 | each occurrence | Illinois |
| | $500,000.00 | Aggregate (where applicable) | Employers of Wausau |

Endorsement No. 37

WA-00409 CW 01340

This endorsement effective March 26, 1982
forms part of policy number 523 067253
issued to McGraw-Edison Company, ETAL
By   United States Fire Insurance Company

In consideration of the premium charged, it is agreed that the insurance
covered by this certificate will not be cancelled or materially altered,
except after thirty (30) days written notice has been received by:

Metropolitan Waste Water
Management Commission
889 Pearl Street
Peoples Bank Building
Eugene, Oregon  97401

All other terms and conditions of this policy remain unchanged.

*Frank Kennett*
Authorized Representative

Endorsement No. 38

WA-00409 CW 01341

This endorsement effective May 19, 1982
forms part of policy number 523 067253
issued to McGRAW-EDISON COMPANY, ETAL
By    UNITED STATES FIRE INSURANCE COMPANY

In consideration of the premium charged, it is agreed that in the event
of cancellation or material change of this policy by the company, the
company will give ten (10) days notice in writing sent by certified mail
prior to such cancellation or material change to:

          Consumer Power Company
          Jackson, Michigan

All other terms and conditions of this policy remain unchanged.

*Frank Kinnett*
Authorized Representative

Endorsement No. 39
JAJ/mjh
7/15/82

WA-00409 CW 01342

This endorsement effective May 28, 1982
forms part of policy number 523 067253
issued to  McGRAW-EDISON COMPANY, ETAL
By    UNITED STATES FIRE INSURANCE COMPANY

In consideration of the premium charged, it is agreed that Schedule A --
Schedule of Underlying Insurance is amended to include the following underlying
insurance solely with respect to the contract between the Insured and Amoco
Production Company.

| Comprehensive General Liability including: | Bodily Injury and Property Damage Combined Single Limit | | Illinois Employers of Wausau |
|---|---|---|---|
| Premises/Operations | $500,000 | each occurrence | |
| Broad Form Property Damage | $500,000 | aggregate(where applicable) | |
| Employees as Insureds | | | |
| Contractual Liability | | | |
| Products/Completed Operations | | | |
| Independent Contractors | | | |

All other terms and conditions of this policy remain unchanged.

*Frank Kimmett*
Authorized Representative

Endorsement No. 40
JAJ/mjh
7/15/82

WA-00409! CW 01343

This endorsement effective July 20, 1982
forms part of policy number 523 067253
issued to McGRAW-EDISON COMPANY, ETAL
By    UNITED STATES FIRE INSURANCE COMPANY

In consideration of the premium charged, it is agreed that this policy shall
include the following additional insured solely with respect to the named
insureds operations as tenant in premises owned by the additional insured:

The Great-West Life Assurance Company
Toronto Real Estate Investments
120 Adelaide Street West, Suite 1410
Toronto, Ontario, M5H 1V4, Canada

It is further agreed that the insurance as is afforded by this policy
shall apply in respect to any claim or action brought against any one
insured by any other insured.  The coverage shall apply in the same
manner and to the same extent as though a separate policy had been
issued to each insured.  The inclusion herein of more than one insured,
shall not operate to increase the limit under this policy.

All other terms and conditions of this policy remain unchanged.

_Frank Kinnett_
Authorized Representative

Endorsement No. 41
JAJ/mjh
8/5/82

WA-00409  CW 01344

This endorsement effective August 17, 1982
forms part of policy number 523 067253
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company


In consideration of the premium charged, it is agreed that the
City of St. Louis, Missouri, is an additional insured under this
policy as respects the encroachment of the steel unloading struc-
ture located immediately east of the loading dock under Spring
Avenue to serve Wagner Division, McGraw-Edison Company property
located at 3711 Market Street, St. Louis, Missouri.


All other terms and conditions of this policy remain unchanged.

Marsh & McLennan Agency, Inc.

By: _Robert J Hughes_____

Authorized Representative


Endorsement No. 42

JAJ/dbr
September 1, 1982

WA-00409 CW 01345

This endorsement effective May 27, 1982
forms part of policy number 523 067253
issued to  MCGRAW-EDISON CO., ETAL
By    UNITED STATES FIRE INSURANCE COMPANY

In consideration of the premium charged it is agreed that:

1) Endorsement 11 - Foreign Underlying Insurance is deleted.

2) The following is added to Schedule A - Underlying Insurance:

| COVERAGE | LIMIT | COMPANY |
|---|---|---|
| (f) Foreign Liability (DIC) including: Personal Injury Products Contractual Employers Liability | $1,000,000.00 Each Occurrence & Aggregate (where applicable) except $500,000.00 as respects Communist Countries | AFIA |
| (g) Foreign Fire Legal Liability | $250,000.00 Each Occurrence | AFIA |

3) It is further agreed that the Company shall not be called upon to assume
charge of the settlement or defense of any claim or suit brought or
proceeding instituted against the Insured as respects any claim made or
suit brought outside of the United States, its territories or possessions,
or Canada but the Company shall have the right but not the duty to associate
with the Insured or the Insured's underlying insurers, or both in the
defense or control of any claim, suit or proceeding relative to an occurrence
where the claim, suit or proceeding involves or appears likely to involve the
Company.

All other terms and conditions remain unchanged.

*Frank Kinnett*
Authorized Representative

Endorsement No. (43)
JAJ/mjh
11/3/82

*To be revised eff. 3/1/82*    *See Endorsement #48*

WA-00409 CW 01346

This endorsement effective September 21, 1982
forms part of policy number 523 067253
issued to  MCGRAW-EDISON COMPANY, ETAL
By    UNITED STATES FIRE INSURANCE COMPANY


In consideration of the premium charged, it is agreed that Schedule A --
Schedule of Underlying Insurance is amended to include the following
underlying insurance solely with respect to the contract between the
Insured and East Bay Municipal Utility District.


(h)   Comprehensive              Bodily Injury & Property Damage
      General Liability          Combined Single Limit
      including:                 $500,000.00    Each Occurrence       ILLINOIS EMPLOYERS
      Premises/Operations        $500,000.00    Aggregate(where       OF WAUSAU
      Broad Form Property                       applicable)
        Damage
      Employees as Insureds
      Contractual Liability
      Products/Completed Operations
      Independent Contractors


All other terms and conditions of this policy remain unchanged.

*Frank Kennett*
Authorized Representative

Endorsement No. 44
JAJ/mjh
11/3/82

WA-00409  CW 01347

This endorsement effective September 30, 1982
forms part of policy number  523 067253
issued to MCGRAW-EDISON COMPANY, ETAL
By   UNITED STATES FIRE INSURANCE COMPANY


CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER


It is agreed that in the event of cancellation of this policy by the com-
pany, the company will give forty-five(45) days written notice prior to such
cancellation to:


DIRECTOR OF WATER RESOURCES
DEPARTMENT OF WATER RESOURCES
THE STATE OF CALIFORNIA
SACRAMENTO, CA.


(CONTRACT #C50467)



All other terms and conditions of this policy remain unchanged.


*Frank Kennett*
Authorized Representative



Endorsement No. 45
LA-MI 411 (2-80)
 JAJ/mjh
 11/3/82
 C-2

WA-00410ﬁ
CW 01348

This endorsement effective November 9, 1982
forms part of policy number 523 067253
issued to MCGRAW-EDISON COMPANY, ETAL
By   United States Fire Insurance Company

In consideration of the premium charged, it is agreed that Schedule A --
Schedule of Underlying Insurance is amended to include the following
underlying insurance solely with respect to Contract #C-50467 between
the Insured and The State of California, Department of Water Resources:

(i)   Comprehensive              Bodily Injury & Property Damage
      General Liability          Combined Single Limit
      including:                 $500,000.00  Each Occurrence   Admiral Insurance
      Products/Completed         $500,000.00  Aggregate (Where  Company
        Operations                            applicable)
      Employees as
        Additional Insureds
      Contractual Liability
      Broad Form Property Damage

(j)   Excess Comprehensive       Bodily Injury & Property Damage
      General Liability          Combined Single Liability
                                 $4,500,000.00  Each Occurrence   Integrity Insurance
                                 $4,500,000.00  Aggregate (where  Company
                                                applicable)

All other terms and conditions of this policy remain unchanged.

*Frank Kennett*
Authorized Representative

Endorsement No. 46
JAJ/mjh
12/9/82

WA-00410   CW 01349

South Carolina Department of Health and Environmental Control
Bureau of Solid and Hazardous Waste Management

*att to this pol*
*folder copy*

EXCESS LIABILITY ENDORSEMENT

(To be attached to all policies with insufficient
primary insurance limits of liability)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

| Endorsement Effective | Policy Number |
|---|---|
| January 1, 1983 | 523 067253   *U.S. Fire* |
| Named Insured<br>McGraw-Edison Company & its<br>owned or financially controlled<br>subsidiaries | Countersigned by<br>*Frank Kennett* |

The underlying or primary insurance coverage limits of liability are
insufficient to meet the financial responsibility limits of $100,000/
$300,000/$300,000 required by the South Carolina Department of Health and
Environmental Control.

It is, therefore, understood and agreed that the coverage afforded
under this policy shall first apply to fulfill the required separate financial
responsibility limits of $100,000/$300,000/$300,000 with the excess used as
supplementary limits.

Endorsement B

Endorsement No. 47

JAJ/dbr

January 10, 1983

WA-00410 CW 01350

This endorsement effective March 1, 1982
forms part of policy number 523 067253
issued to   McGRAW-EDISON COMPANY
By   United States Fire Insurance Company

In consideration of the premium charged, it is agreed that the effective
date of Endorsement No. 43 is amended to read March 1, 1982.

All other terms and conditions of this policy remain unchanged.

Authorized Representative

Endorsement No. 48
JAJ/mjh
2/8/83

This endorsement effective March 1, 1983
forms part of policy number 523 067253
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company


In accordance with Endorsement No. 20, Annual Review Endorsement, it is agreed
that for the period from March 1, 1983 to March 1, 1984 the annual installment
due will be $273,125.00.


All other terms and conditions of this policy remain unchanged.


                                        _Frank Kinnett_
                                        Authorized Representative


Endorsement No. 49

JAJ/dbr
February 11, 1983

WA-0041C  CW 01352

This endorsement effective March 1, 1983
forms part of policy number 523 067253
issued to McGRAW-EDISON COMPANY, et al
By United States Fire Insurance Company

In consideration of the premium charged, it is agreed that:

A)   Additional Condition 2 of Condition D as stated in Page 3 or Endorsement #3
is amended to read as follows:

2.   In addition the Insured shall give immediate notice to the Company
of any claim reasonably likely to exceed $250,000.

B)   Endorsement #43 is deleted and replaced as follows:

1.   Endorsement #11 – Foreign Underlying Insurance is deleted.

2.   The following is added to Schedule A –– Underlying Insurance:

| Coverage | Limit | Company |
|---|---|---|
| (f) Foreign Liability (DIC) including: Personal Injury Products Contractual Employers Liability | $1,000,000.00 each Occurrence & Aggregate (where applicable) except $500,000.00 as respects Communist Countries | AFIA |
| (g) Foreign Fire Legal Liability | $250,000.00 each Occurrence | AFIA |

3.   With respect to any occurrence happening outside the United States, its
territories or possessions or Canada not covered by the Foreign Liability
Insurance stated above this policy shall apply in excess of a Self-Insured
Retention of $500,000.00 each Occurrence subject to an Annual Aggregate
of $1,000,000.00 as respects such occurrences.

4.   It is further agreed that the Company shall not be called upon to assume
charge of the settlement or defense of any claim or suit brought or
proceeding instituted against the Insured as respects any claim made or
suit brought outside of the United States, its territories or possessions,
or Canada but the Company shall have the right but not the duty to
associate with the Insured or the Insured's underlying insurers, or both
in the defense or control of any claim, suit or proceeding relative to
an occurrence where the claim, suit or proceeding involves or appears
likely to involve the Company.

All other terms and conditions of this policy remain unchanged.

*Frank Kunitz*
Authorized Representative

Endorsement No. 50

JAJ/dbr
February 11, 1983

This endorsement effective March 1, 1983
forms part of policy number 523 067253
issued to McGRAW-EDISON COMPANY, ETAL
By United States Fire Insurance Company


In consideration of the premium charged, it is agreed that Item (a) of
Schedule A — Schedule of Underlying Insurance is amended to read as follows:


| (a) | Insured States Standard Workers' Compensation & Employers' Liability | Coverage B—Employers' Liability<br>$    250,000.00  One Occurrence<br>$    250,000.00  Aggregate (where applicable) | National Union |
|-----|----|----|----|


All other terms and conditions of this policy remain unchanged.


*Frank Kinnett*
_____
Authorized Representative


Endorsement No. 51

WA-00410
CW 01354

This endorsement effective January 18, 1983
forms part of policy number 523 067253
issued to McGRAW-EDISON COMPANY, ETAL
By United States Fire Insurance Company

In consideration of the premium charged, it is agreed that Schedule A – Schedule
of Underlying Insurance is amended to include the following underlying insurance
solely with respect to work performed by McGraw-Edison Service (Australia) for
the electricity commission of New South Wales, Australia:

| | Coverage | Limit | Company |
|---|---|---|---|
| (k) | Comprehensive General Liability including: Products/Completed Operations Personal Injury Contractual Liability | A $5,000,000. Each Occurrence | Preservatrice Skandia Insurance, Ltd. |

All other terms and conditions of this policy remain unchanged.

*Frank Kinnett*
Authorized Representative

Endorsement No. 52

WA-00410   CW 01355

This endorsement effective March 1, 1983
forms part of policy number 523 067253
issued to McGRAW-EDISON COMPANY, ET AL.
By United States Fire Insurance Company

In consideration of the premium charged, it is agreed that the provisions of
Endorsement 13, Care, Custody & Control Warranty, and the provision of
paragraph 1 of page 2 of Endorsement 9, Aircraft Liability Endorsement, are
deleted solely with respect to the aircraft owned by Evans Products Company
while such aircraft is located on the premises of Hangar No. 9, Pal-Waukee
Airport, Wheeling, Illinois.

All other terms and conditions of this policy remain unchanged.

*Frank Kinnett*
—————————————
Authorized Representative

Endorsement No. 53

WA-00410 CW 01356

This endorsement effective        December 30, 1983
forms part of policy number        523 067253
issued to   McGRAW-EDISON COMPANY, ETAL
By  UNITED STATES FIRE INSURANCE COMPANY

CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER

It is agreed that in the event of cancellation of this policy by the com-
pany, the company will give  Thirty  (30) days written notice prior to such
cancellation to:

            Jewel Companies, Inc.
            Jewel  Food Stores Division
            3030 Cullerton Drive
            Franklin Park, Illinois  60131

All other terms and conditions of this policy remain unchanged.

                    MARSH & McLENNAN AGENCY, INC.

                    BY

                    Authorized Representative

Endorsement No.    54
LA-MI 411 (2-80)

C-2

WA-00410  CW 01357

This endorsement effective April 12, 1983
forms part of policy number 523 067253
issued to McGRAW - EDISON COMPANY, ET AL.
By United States Fire Insurance Company


CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER


It is agreed that in the event of cancellation of this policy by the com-
pany, the company will give thirty   (30 ) days written notice prior to such
cancellation to:

> Metropolitan Wastewater Management Commission
> 889 Pearl Street
> Pioples Bank Building
> Eugene, Oregon  97401


All other terms and conditions of this policy remain unchanged.

MARSH & McLENNAN AGENCY, INC.

BY _____
Authorized Representative


Endorsement No.  55
LA-MI 411 (2-80)

C-2

This endorsement effective    June 17, 1983
forms part of policy number   523 067253
issued to McGRAW - EDISON COMPANY, ET AL.
By   United States Fire Insurance Company


CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER


It is agreed that in the event of cancellation of this policy by the company, the company will give  sixty    (60) days written notice prior to such cancellation to:


General Electric Trading Company
570 Lexington Avenue
New York, N. Y.  10022
Attention:  Vice President-Finance


All other terms and conditions of this policy remain unchanged.

MARSH & McLENNAN AGENCY, INC.

BY  *Gary D. Gatwood*
    Authorized Representative

    *acn*


Endorsement No.   56
LA-MI 411 (2-80)

C-2

WA-00411  CW 01359

This endorsement effective May 23, 1983
forms part of policy number     523 067253
issued to McGRAW - EDISON COMPANY, ET AL.
By United States Fire Insurance Company

CANCELLATION NOTIFICATION TO CERTIFICATE HOLDER

It is agreed that in the event of cancellation of this policy by the company, the company will give    thirty (30) days written notice prior to such cancellation to:

New Jersey Bell Telephone Company
Contract Administration
650 Park Avenue
East Orange, New Jersey  07017

All other terms and conditions of this policy remain unchanged.

MARSH & McLENNAN AGENCY, INC.

BY _Gary O. Gatwood_

Authorized Representative

_OCV_

Endorsement No. 57
LA-MI 411 (2-80)

C-2

WA-00411: CW 01360

## COUNTERSIGNATURE ENDORSEMENT

This endorsement, effective   12:01 a.m.   March 1, 1981        , forms a part of policy No.   523 067253
(hour and date)

Issued to        McGRAW—EDISON COMPANY, ETAL

UNITED STATES FIRE INSURANCE COMPANY

| STATE | STATE PREMIUM |
|-------|---------------|
| ILLINOIS | $287,000.00 |

It is agreed that the signature appearing on this endorsement is the signature of a person duly authorized to countersign on behalf
of the Company in the state designated above and which is appended hereto in conformity with the insurance laws of that state.

JAJ/ddy                                    Countersigned by...............................................
Authorized Signature

WA-00411  CW 01361

# THE DEFENDER

**Commercial Comprehensive
Catastrophe Liability Policy**

**CRUM & FORSTER INSURANCE COMPANIES**



United States Fire Insurance Company
A New York Corporation
Home Office: New York, N. Y.

International Insurance Company
An Illinois Corporation
Home Office: Chicago, Illinois

Westchester Fire Insurance Company
A New York Corporation
Home Office: New York, N. Y.

The North River Insurance Company
A New Jersey Corporation
Home Office: Township of Morris, N. J.

**CRUM&FORSTER INSURANCE COMPANIES**

WA-00411
CW 01363

Attach Declarations and Endorsements here

# COMMERCIAL COMPREHENSIVE CATASTROPHE LIABILITY POLICY
## (THE DEFENDER) PROVISIONS — PART ONE

In consideration of the payment of premium and in reliance upon the statements in the Declarations and subject to the Limit of Liability, Exclusions, Conditions, and other terms of this policy, the Company named in the Declarations (a capital stock company, herein called the Company) agrees with the insured, also named in the Declarations attached, to provide coverage as follows:

## INSURING AGREEMENTS

### I COVERAGE

The Company agrees to pay on behalf of the insured the ultimate net loss in excess of the retained limit hereinafter stated, which the insured may sustain by reason of the liability imposed upon the insured by law, arising out of an occurrence or assumed by the insured under contract, for:

(a) Personal Injury Liability,

(b) Property Damage Liability, or

(c) Advertising Liability.

In any jurisdiction where, by reason of law or statute, this policy is invalid as a "pay on behalf of" contract, the Company agrees to indemnify the insured for ultimate net loss in excess of the retained limit.

### II DEFENSE SETTLEMENT

With respect to any occurrence not covered, as warranted, by the underlying policies listed in Schedule A hereof or not covered by any other underlying insurance collectible by the insured, but covered by the terms and conditions of this policy except for the amount of retained limit specified in Item 4(c) of the declarations, the company shall:

(a) defend any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

(b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish any such bonds;

(c) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

(d) reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request;

(e) reimburse the insured for actual loss of earnings, not to exceed $100.00 per day for each insured, subject to an aggregate sum of $10,000 each occurrence for all insureds combined at the company's request;

and the amounts so incurred, except settlements of claims and suits are payable by the company in addition to the applicable limit of liability of this policy.

In jurisdictions where the company may be prevented by law or otherwise from carrying out this agreement, the company shall pay any expense incurred with its written consent in accordance with this agreement.

The insured shall promptly reimburse the company for any amount of ultimate net loss paid on behalf of the insured within the retained limit specified in Item 4(c) of the declarations except defense settlement costs paid on behalf of the insured within the retained limit.

### III DEFINITIONS

#### 1. "NAMED INSURED" AND "INSURED"

"Named insured", wherever used, includes any subsidiary company (including subsidiaries thereof) of the named insured and any other company coming under the named insured's control of which it assumes active management.

The unqualified word "insured", wherever used, includes the named insured and also:

(a) any person, organization, trustee or estate to whom or to which the named insured is obligated by virtue of a written contract to provide insurance such as is afforded by this policy, but only with respect to operations by or on behalf of the named insured or to facilities of or used by the named insured;

(b) any additional insured, other than the named insured, included in the underlying policies listed in Schedule A but only to the extent that insurance is provided to such additional insured thereunder;

1

WA-0041· CW 01364

'⸬ except with respect to the ownership, maintenance or use, including loading or unloading, of automobiles while away from premises owned by, rented to or controlled by the named insured or the ways immediately adjoining, (1) any executive officer, other employee, director or stockholder thereof while acting within the scope of his duties as such; (2) any organization or proprietor with respect to real estate management for the named insured;

(d) with respect to an automobile owned by or loaned to the named insured or hired for use on behalf of the named insured, any person using the automobile with the named insured's permission, and any person or organization legally responsible for the use thereof;

(e) any executive officer, director or stockholder of the named insured with respect to the use of an automobile not owned by the named insured in the business of the named insured.

The insurance with respect to any person or organization other than the named insured does not apply under division (d) and (e) of this definition of "named insured" and "insured":

1. to any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking place, with respect to any occurrence arising out of the operation thereof;

2. with respect to any automobile hired by or loaned to the named insured, to the owner or a lessee thereof other than the named insured, or to any agent or employee of such owner or lessee.

## 2. "PERSONAL INJURY"

"Personal injury" means (a) bodily injury, sickness, disease, disability, shock, mental anguish and mental injury; (b) false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution or humiliation; (c) libel, slander, defamation of character or invasion of rights of privacy, unless arising out of any advertising activities; (d) discrimination not committed by or at the direction of the insured; and (e) assault and battery not committed by or at the direction of the insured, unless committed for the purpose of protecting the property of the insured or the person or property of others.

## 3. "PROPERTY DAMAGE"

"Property damage" means physical injury to, destruction of or loss of use of tangible property.

## 4. "ADVERTISING LIABILITY"

"Advertising liability" means libel, slander, defamation, infringement of copyright, title or slogan, piracy, unfair competition, idea misappropriation or invasion of rights of privacy committed, or alleged to have been committed, in any advertisement, publicity article, broadcast or telecast and arising out of the named insured's advertising activities.

## 5. "ULTIMATE NET LOSS"

"Ultimate net loss" means the total of the following sums with respect to each occurrence:

1. All sums which the insured, or any company as his insurer, or both, is legally obligated to pay as damages, whether by reason of adjudication or settlement, because of personal injury, property damage or advertising liability to which this policy applies, and

2. All expenses, other than defense settlement provided in Insuring Agreement II, incurred by the insured in the investigation, negotiation, settlement and defense of any claim or suit seeking such damages, excluding only the salaries of the insured's regular employees, provided "ultimate net loss" shall not include any damages or expense because of liability excluded by this policy.

This policy shall not apply to defense, investigation, settlement or legal expenses covered by underlying insurance.

## 6. "PRODUCTS HAZARD"

"Products hazard" means (a) the handling or use of or the existence of any condition in or a warranty of goods or products manufactured, sold, handled or distributed by the named insured or by others trading under its name, if the occurrence happens after possession of such goods or products has been relinquished to others by the named insured or by others trading under its name and if such occurrence happens away from premises owned by, rented to or controlled by the named insured; provided, such goods or products shall be deemed to include any container thereof, other than a vehicle, but shall not include any vending machine or any property, other than such container rented to or located for use of others but not sold; or (b) operations, if the occurrence happens after such operations have been completed or abandoned and happens away from premises owned by, rented to or controlled by the named insured; provided operations shall not be deemed incomplete because improperly or defectively performed or because further operations may be required pursuant to an agreement; provided further, the following shall not be deemed to be "operations" within the meaning of this paragraph: (aa) pick-up or delivery, except from or onto a railroad car, (bb) the maintenance of vehicles owned or used by or on behalf of the insured, (cc) the existence of tools, uninstalled equipment and abandoned or unused materials.

## 7. "OCCURRENCE"

With respect to Coverage 1(a) and 1(b) "occurrence" means either an accident or happening or event or a continuous or repeated exposure to conditions which unexpectedly and unintentionally causes injury to persons or tangible property during the policy period. All damages arising out of such exposure to substantially the

2

WA-00411 CW 01365

iame general conditions shall be considered as arising out of one occurrence.

With respect to Coverage 1(c) "occurrence" means all damages involving the same injurious material or act, regardless of the frequency of repetition thereof, the number or kind of media used, and the number of claimants and all such damages shall be understood to arise out of one happening.

## IV POLICY PERIOD, TERRITORY

This policy applies to occurrences happening anywhere during the policy period.

## V RETAINED LIMIT — LIMIT OF LIABILITY

With respect to Coverage I (a), I (b) or I (c), or any combination thereof, the company's liability shall be only for the ultimate net loss in excess of the insured's retained limit defined as the greater of:

(a) the total of the applicable limits of the underlying policies listed in Schedule A hereof, and the applicable limits of any other insurance collectible by the insured; or

(b) an amount as stated in Item 4(C) of the declarations as the result of any one occurrence not covered by the said policies or insurance;

and then up to an amount not exceeding the amount as stated in Item 4(A) of the declarations as the result of any one occurrence. There is no limit to the number of occurrences during the policy period for which claims may be made, except that the liability of the company arising out of the products hazard on account of all occurrences during each policy year shall not exceed the aggregate amount stated in Item 4(B) of the declarations.

In the event of the reduction or exhaustion of the aggregate limits of liability of the underlying policies listed in Schedule A by reason of losses paid thereunder, this policy, subject to the above limitations, (1) in the event of reduction, shall pay the excess of the reduced underlying limits; or (2) in the event of exhaustion, shall continue in force as underlying insurance.

## EXCLUSIONS

This policy shall not apply:

(a) under Coverage I (a), to any obligation for which the insured or any of its insurers may be held liable under any workmen's or unemployment compensation, disability benefits or similar law, provided, however, that this exclusion does not apply to liability of others assumed by the named insured under contract;

(b) under Coverage I (b), to injury to or destruction of or loss of use of (1) property owned by the Named

insured, or (2) property owned by the Insured, or (3) any goods, products or containers thereof manufactured, sold, handled or distributed, or work completed by or for the insured, out of which the occurrence arises; or (4) property rented to, occupied or used by or in the care, custody or control of the insured to the extent the insured is under contract to provide insurance therefor;

(c) under Coverage I (c), to liability for (1) failure of performance of written contract, (2) infringement of registered trade mark, service mark or trade name by use thereof as the registered trade mark, service mark or trade name of goods or services sold, offered for sale or advertised, by this shall not relate to titles or slogans, (3) incorrect description of any article or commodity, or (4) mistake in advertised price;

(d) under Coverage I (b)

1. to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the insured's products or work completed by or for the insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

2. to loss of use of tangible property which has not been physically injured or destroyed resulting from

(a) a delay in or lack of performance by or on behalf of the insured of any contract or agreement, or

(b) the failure of the insured's products or work performed by or on behalf of the insured to meet the level of performance, quality, fitness or durability warranted or represented by the insured; but this exclusion does not apply to the extent coverage is available to the insured in the underlying insurance as set out in Schedule A of the policy to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the insured's products or work performed by or on behalf of the insured after such products or work have been put to use by any person or organization other than an insured;

(e) under Coverage I (a) or I (b) to liability arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental;

(f) under Coverage I (a) or (b) to injury due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or condition incident to any of the foregoing;

(g) under Coverage I (a) or (b) to liability arising out of the ownership, maintenance, operation, use, loading or unloading of aircraft, other than aircraft chartered

3

WA-00411   CW 01366

with crew, unless coverage therefor is provided by policies listed in Schedule A attached to this policy. This exclusion does not apply to liability for personal injury to any employee of the insured arising out of and in the course of his employment by the insured.

# CONDITIONS

**A. Premium Computation.** The premium for this policy shall be based upon the rating basis as set forth in the declarations during the policy period, and shall be computed at the rate set forth in the declarations applied to each unit of exposure of such rating basis. The advance premium is based upon the estimated exposures for the policy period as stated in the declarations.

Upon expiration of this policy or its termination during the policy period, the earned premium shall be computed as thus defined. If the earned premium thus computed is more than the advance premium paid, the named insured shall immediately pay the excess to the company; if less, the company shall return the difference to the named insured; but the company shall receive and retain the annual minimum premium for each twelve (12) months of the policy period.

**B. Inspection and Audit.** The company shall be permitted at all reasonable times to inspect the insured's premises and equipment, and to examine the named insured's books and records, so far as the books and records relate to premium earned or to any occurrences happening during the policy period.

**C. Severability of Interests.** The term "insured" is used severally and not collectively except with respect to Insuring Agreement V (Retained Limit — Limit of Liability) and Condition I (Other Insurance). The inclusion in this policy of more than one insured shall not operate to increase the company's total liability for all insureds covered by this policy beyond the limits set forth in Item 4(A) and 4(B) of the declarations.

**D. Notice of Occurrence.** Upon the happening of an occurrence reasonably likely to involve the company hereunder, written notice shall be given as soon as practicable to the company or any of its authorized agents. Such notice shall contain particulars sufficient to identify the insured and the fullest information obtainable at the time.

The insured shall give like notice of any claim made on account of such occurrence. If legal proceedings are begun the insured, when requested by the company, shall forward to it each paper thereon, or a copy thereof, received by the insured or the insured's representatives, together with copies of reports of investigations made by the insured with respect to such claim proceedings.

**E. Assistance and Co-operation.** Except as provided in Insuring Agreement II (Defense, Settlement) or in Insuring Agreement V (Retained Limit — Limit of Liability) with respect to the exhaustion of the aggregate limits of underlying policies listed in Schedule A, or in Condition J (Underlying Insurance) the company shall not be called

upon to assume charge of the settlement or defense of any claim made or proceeding instituted against the insured; but the company shall have the right and opportunity to associate with the insured in the defense and control of any claim or proceeding reasonably likely to involve the company. In such event the insured and the company shall cooperate fully.

**F. Appeals.** In the event the insured or the insured's underlying insurer elects not to appeal a judgment in excess of the retained limit, the company may elect to do so at its own expense, and shall be liable for the taxable costs, disbursements and interest incidental thereto, but in no event shall the liability of the company for ultimate net loss exceed the amount set forth in Insuring Agreement V (Retained Limit — Limit of Liability) for any one occurrence plus the taxable costs, disbursements and interest incidental to such appeal.

**G. Loss Payable.** Liability of the company with respect to any one occurrence shall not attach unless and until the insured, the company in behalf of the insured, or the insured's underlying insurer, has paid the amount of retained limit. Where the company must indemnify the insured for ultimate net loss in accordance with Insuring Agreements, the insured shall make a definite claim for any loss for which the company may be liable within twelve (12) months after the insured shall have paid an amount of ultimate net loss in excess of the amount borne by the insured or after the insured's liability shall have been made certain by final judgment against the insured after actual trial, or by written agreement of the insured, the claimant, and the company. If any subsequent payments are made by the insured on account of the same occurrence, additional claims shall be made similarly from time to time and shall be payable within thirty (30) days after proof in conformity with this policy.

**H. Bankruptcy or Insolvency.** Bankruptcy or insolvency of the insured shall not relieve the company of any of its obligations hereunder.

**I. Other Insurance.** If other collectible insurance including other insurance with this company is available to the insured covering a loss also covered hereunder (except insurance purchased to apply in excess of the sum of the retained limit and the limit of liability hereunder) the insurance hereunder shall be in excess of and not contribute with, such other insurance.

**J. Underlying Insurance.** If underlying insurance is exhausted by any occurrence, the company shall be obligated to assume charge of the settlement or defense of any claim or proceeding against the insured resulting from the same occurrence, but only where this policy applies immediately in excess of such underlying insurance, without the intervention of excess insurance of another carrier.

**K. Subrogation.** The company shall be subrogated to the extent of any payment hereunder to all the insured's rights of recovery therefor; and the insured shall do everything necessary to secure such rights. Any amount so recovered shall be apportioned as follows:

4

WA-0041· CW 01367

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

It is agreed that:

I. This policy does not apply:

(a) under Coverage I (a) and I (b), to injury, sickness, disease, death, destruction or loss

1. with respect to which an insured under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

2. resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the insured is, or had its policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization;

(b) under Coverage I (a) and I (b), to injury, sickness, disease, death, destruction or loss resulting from the hazardous properties of nuclear material, if

1. the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an insured or (b) has been discharged or dispersed therefrom;

2. the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an insured; or

3. the injury, sickness, disease, death, destruction or loss arises out of the furnishing by an insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to injury to or destruction of or loss of property at such nuclear facility;

II. As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or byproduct material;

"source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (1) or (2) thereof;

"nuclear facility" means

1. any nuclear reactor,

2. any equipment or device designed or used for (a) separating the isotopes of uranium or plutonium, (b) processing or utilizing spent fuel, or (c) handling, processing or packing waste,

3. any equipment or device used for processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

4. any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in self-supporting chain reaction or to contain a critical mass of fissionable material;

With respect to injury to or destruction of or loss of property, the word "injury" or "destruction" or "loss" includes all forms of radioactive contamination of property;

All other terms and conditions of this policy remain unchanged.

L-4021J (8-78) Printed (2-79)  6

WA-00412̂
CW 01368

ny interest (including the insured's) having paid an amount in excess of the retained limit plus the limit of liability hereunder shall be reimbursed first to the extent of actual payment. The company shall be reimbursed next to the extent of its actual payment hereunder. If any balance then remains unpaid, it shall be applied to reimburse the insured or any underlying insurer, as their interests may appear. The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries. If there is no recovery in proceedings conducted solely by the company, it shall bear the expenses thereof.

**L. Changes.** Notice to or knowledge of any agent or other person shall not effect a waiver or change in any part of this policy nor estop the company from asserting any right under it, nor shall the terms of this policy be waived or changed except by endorsement hereon.

**M. Assignment.** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon. If, however, the insured shall die or be adjudged bankrupt or insolvent within the policy period, this policy, unless canceled, shall cover the insured's legal representative for the unexpired portion of such period.

**N. Cancellation.** This policy may be canceled by the named insured by surrender thereof to the company or any of its authorized agents, or by mailing to the company written notice stating when thereafter such cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when, not less than thirty (30) days thereafter, such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient notice and the effective date of cancelation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing. If the named insured cancels, earned premium

shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata.

Premium adjustment may be made at the time cancellation is effected or as soon as practicable thereafter. The check of the company or its representative, mailed or delivered, shall be sufficient tender of any refund due the named insured.

If this policy insures more than one named insured, cancellation may be effected by the first of such named insureds for the account of all insureds; and notice of cancellation by the company to such first named insured shall be notice to all insureds. Payment of any unearned premium to such first named insured shall be for the account of all interests therein.

**O. Maintenance of Underlying Insurance.** It is warranted by the insured that the underlying policies listed in Schedule A, or renewals or replacements thereof not more restricted, shall be maintained in force during the currency of this policy, except for any reduction of the aggregate limits contained therein solely by payment of claims in respect of occurrences happening during this policy period. In the event of failure by the insured to so maintain such policies in force or to meet all conditions and warranties subsequent to loss under such policies, the insurance afforded by this policy shall apply in the same manner it would have applied had such policies been so maintained in force. Notice of exhaustion of underlying insurance shall be given the company within 30 days of such exhaustion.

**IN WITNESS WHEREOF,** the company has caused this policy to be signed by its president and secretary but this policy shall not be valid unless completed by the attachment hereto of a declarations page designated as Part Two and countersigned on the aforesaid declarations page by a duly authorized representative of the company.

Secretary

President

5

WA-00412 CW 01369

**Marsh &**
**McLennan**

Marsh & McLennan. Incorporated
222 South Riverside Plaza
Chicago. Illinois 60606
Telephone 312 648-6000

March 2, 1983

Mr. Norman A. Kenney
Assistant Treasurer, Risk Management
McGraw-Edison Company
1701 Golf Road
Rolling Meadows, Illinois  60008

UMBRELLA EXCESS LIABILITY
POLICY NO. 523 067253 - U.S. FIRE

Dear Norm:

We are sending to you another endorsement, No. 48, issued to
this policy by the U.S. Fire Insurance Company.

This endorsement is correcting the effective date of
Endorsement No. 43 to show March 1, 1982.  Endorsement No. 43
was the change which added the AFIA Foreign Liability DIC
policy to the schedule of underlying coverage under your
Umbrella.  Since the AFIA contract was effected March 1,
John Jolley has agreed to revise the effective date of his
endorsement to also read March 1.

I believe this finalizes the situation at this point, but
please call if you have any further questions.

Sincerely,

T. A. Mikkelsen

TAM/gw:1-8
Enclosure

cc:  Mr. William J. Wilczynski
     Mr. John R. Sachtleben

RECEIVED

MAR - 4 1983

INSURANCE DEPT.

Marsh &
McLer..lan

Marsh & McLennan, Incorporated
222 South Riverside Plaza
Chicago, Illinois 60606
Telephone 312 648-6000

March 2, 1983

Mr. Norman A. Kenney
Assistant Treasurer, Risk Management
McGraw-Edison Company
1701 Golf Road
Rolling Meadows, Illinois  60008

UMBRELLA EXCESS LIABILITY
POLICY NO. 523 067253 — U.S. FIRE

Dear Norm:                              *to policy*

We are sending on to you Endorsement No. 46 which has now been
issued by U.S. Fire, effective November 9, 1982.

This endorsement adds to the schedule of underlying coverages
the Comprehensive General Liability policy issued by the
Admiral Insurance Company and the Excess General Liability
issued by Integrity, both policies covering the job for the
California Department of Water Resources.

Please attach the original endorsement to your policy, and let
us know if you have any questions.

Sincerely,

*Gerri*

T. A. Mikkelsen

TAM/gw:1-7

cc:  Mr. William J. Wilczynski
     Mr. John R. Sachtleben

RECEIVED

MAR - 4 1983

INSURANCE DEPT.

WA-004122
CW 01371

**Marsh & McLennan**

Marsh & McLennan, Incorporated
222 South Riverside Plaza
Chicago, Illinois 60606
Telephone 312 648-6000

November 16, 1982

Mr. Norman A. Kenney
Assistant Treasurer, Risk Management
McGraw-Edison Company
1701 Golf Road
Rolling Meadows, IL  60008

UMBRELLA EXCESS LIABILITY
POLICY NO. 523 067253
U.S. FIRE INSURANCE COMPANY

Dear Norm:

We are sending on to you three endorsements which John
Jolley has recently processed for attachment to this Umbrella
Excess Liability policy.

Endorsement No. 43 deletes the previous Endorsement No. 11
insofar as Foreign underlying coverage was concerned.  This
has now been replaced by adding to the schedule of underlying
insurance the new Foreign DIC Liability policy.  I have just
noted that this Endorsement has an effective date of May 27,
1982.  It is my understanding that the underlying policy was
put into effect March 1, 1982, and we are asking John to
amend his policy accordingly.

Endorsement No. 44 also adds to the schedule of underlying
the separate General Liability policy recently issued for
the East Bay Municipal Utility District.

The last Endorsement, No. 45, adds a Special Notice of
Cancellation in line with the previous Certificate of Insurance
issued to the California Department of Water Resources.

Norm, if you have any question on these items, please let us
know.

Sincerely,

T. A. Mikkelsen

RECEIVED

NOV 1 9 1982

INSURANCE DEPT

TAM:u/29
Enclosure(s)
CC:  Mr. William Wilczynski
     Mr. John Sachtleben

WA-00412
CW 01372

**Marsh &**
**McLennan**

Marsh & McLennan, Incorporated
222 South Riverside Plaza
Chicago, Illinois 60606
Telephone 312 648-6000

September 13, 1982

Mr. Norman A. Kenney
Assistant Treasurer
Risk Management
McGraw-Edison Company
Corporate Headquarters
1701 Golf Road
Rolling Meadows, IL  60008

U.S. FIRE INSURANCE COMPANY
POLICY NO. 523-067253

Dear Norm:

Enclosed is Endorsement No. 26 for the captioned policy.
This endorsement names the City of St. Louis as an additional
insured during the installation of a steel unloading structure
at the Century Foundry in St. Louis.

Sincerely,

Julie D. Green

Julie D. Green

JDG:md:A-29-M

cc:  T. A. Mikkelsen

RECEIVED

SEP 1 5 1982

INSURANCE DEPT.

WA-00412⌐
CW 01373

McGRAW-EDISON

**To**
J. Whiteley
Wagner Division
St. Louis, MO

**Date**
September 15, 1982

**From**
N. A. Kenney

Internal
Correspondence

Corporate Headquarters

**Subject**

Enclosed is the endorsement prepared for attachment to our general liablity policy confirming acceptance of the special coverage extended to the City of St. Louis with regard to the new steel unloading structure being installed at 3711 Market Street.  We trust this has satisfactorily supported your project.

Norman A. Kenney

NAK/kjs
Enclosure

WA-00412<sup>6</sup>
CW 01374

**McGRAW-EDISON**

Mr. John R. Sachtleben
Marsh & McLennan, Inc.
222 South Riverside Plaza
Chicago, Illinois 60606

McGraw-Edison Company
Corporate Headquarters
One Continental Towers
1701 Golf Road
Rolling Meadows, Illinois 60008

312 9813800

August 17, 1982

Dear John:

U. S. Fire Insurance Policy 523-067253 carries Endorsement #25 which was prepared
in conjunction with work being done at the Century Foundry in St. Louis sub-
sequent to its acquisition by Wagner Division.  Further changes have occurred
in the arrangement whereby a steel unloading structure will be installed in
the adjacent area.  Since this construction also encroaches on city property
it is necessary for our division to negotiate a permit.  We are informed that
the city will not accept an amendment and thus a new endorsement to be
added to the policy will cover this additional permit.  I would suggest the
following wording for the new encroachment:

> In consideration of the premium charged it is agreed that the
> City of St. Louis, Missouri, is an additional insured under this
> policy as respects the encroachment of the steel unloading
> structure located immediately east of the loading dock under
> Spring Avenue to serve Wagner Division, McGraw-Edison Company
> property located at 3711 Market Street, St. Louis, Missouri.

We will issue a certificate of insurance reflecting this additional commitment.
However, our past experience has been that the City of St. Louis will require
an endorsement on our policy similar to Endorsement #25 for this change.  Please
advise U. S. Fire that Endorsement #25 still remains and will not be disturbed.

Very truly yours,

Norman A. Kenney
Assistant Treasurer,
Risk Management

NAK/kjs

cc:
J. Whiteley, Wagner Division, St. Louis, MO

P. S. to J. Whiteley: Enclosed is a certificate of insurance for delivery to
the City pending receipt of the formal endorsement.  NAK

WA-00412⁷
CW 01375

**Certificate of Insurance**

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES LISTED BELOW.

**NAME AND ADDRESS OF AGENCY**

Marsh & McLennan, Inc.
222 South Riverside Plaza
Chicago, Illinois 60606

**COMPANIES AFFORDING COVERAGES**

| | |
|---|---|
| COMPANY LETTER A | U. S. Fire Insurance Company |
| COMPANY LETTER B | |
| COMPANY LETTER C | |
| COMPANY LETTER D | |
| COMPANY LETTER E | |

**NAME AND ADDRESS OF INSURED**

Wagner Division
McGRAW-EDISON COMPANY and
Subsidiaries & Divisions
1701 Golf Road
Rolling Meadows, Illinois 60008

This is to certify that policies of insurance listed below have been issued to the insured named above and are in force at this time.  Notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of such policies.

| COMPANY LETTER | TYPE OF INSURANCE | POLICY NUMBER | POLICY EXPIRATION DATE | Limits of Liability in Thousands (000) | |
|---|---|---|---|---|---|
| | | | | EACH OCCURRENCE | AGGREGATE |
| | **GENERAL LIABILITY** | | | | |
| | [X] COMPREHENSIVE FORM | | | BODILY INJURY $ | |
| | [X] PREMISES—OPERATIONS | | | | |
| | [X] EXPLOSION AND COLLAPSE HAZARD | | | PROPERTY DAMAGE $ | $ |
| A | [X] UNDERGROUND HAZARD | 523-067253 | 3-1-84 | | |
| | [X] PRODUCTS/COMPLETED OPERATIONS HAZARD | | | BODILY INJURY AND PROPERTY DAMAGE COMBINED $ 500 | $ 500 |
| | [X] CONTRACTUAL INSURANCE | | | | |
| | [X] BROAD FORM PROPERTY DAMAGE | | | | |
| | [X] INDEPENDENT CONTRACTORS | | | | |
| | [X] PERSONAL INJURY | | | | |
| | X Vendors Broad Form | | | PERSONAL INJURY | $ |
| | **AUTOMOBILE LIABILITY** | | | | |
| | [ ] COMPREHENSIVE FORM | | | BODILY INJURY (EACH PERSON) $ | |
| | [ ] OWNED | | | BODILY INJURY (EACH ACCIDENT) $ | |
| | [ ] HIRED | | | PROPERTY DAMAGE $ | |
| | [ ] NON-OWNED | | | BODILY INJURY AND PROPERTY DAMAGE COMBINED $ | |
| | **EXCESS LIABILITY** | | | | |
| | [ ] UMBRELLA FORM | | | BODILY INJURY AND PROPERTY DAMAGE COMBINED $ | $ |
| | [ ] OTHER THAN UMBRELLA FORM | | | | |
| | **WORKERS' COMPENSATION** and **EMPLOYERS' LIABILITY** | | | STATUTORY | |
| | | | | $ | |
| | **OTHER** | | | | |

**DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES**

City of St. Louis is named as additional insured with respect to the steel unloading structure located east of the loading dock under Spring Avenue serving Wagner Division, McGraw-Edison Company property, 3711 Market Street, St. Louis, Missouri

Cancellation: Should any of the above described policies be cancelled before the expiration date thereof, the issuing company will endeavor to mail __30__ days written notice to the below named certificate holder, but failure to mail such notice shall impose no obligation or liability of any kind upon the company.

**NAME AND ADDRESS OF CERTIFICATE HOLDER:**

Secretary's Office
Board of Public Service
City of St. Louis, Missouri

Marsh & McLennan Agency, Inc.

DATE ISSUED: August 17, 1982

By _(signature)_

AUTHORIZED REPRESENTATIVE

ACORD 25 (1-79)

WA-004128

CW 01376

<u>Norm</u>

Need an Endorsement adding a "Steel Unloading Structure" to the Encroachment. Such structure will be attached to the Dock East of Spring Ave. Need Cert. ASAP To Accompany Permit.

(314) 721-5000

# Certificate of Insurance

MASTER OR INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

AND ADDRESS OF AGENCY

Marsh & McLennan, Inc.
222 South Riverside Plaza
Chicago, Illinois 60606

| COMPANIES AFFORDING COVERAGES |
|---|
| COMPANY LETTER **A.** National Union Fire Insurance Co. |
| COMPANY LETTER **B** U. S. Fire Insurance Company |
| COMPANY LETTER **C** Birmingham Fire Insurance Company |
| COMPANY LETTER **D** |
| COMPANY LETTER **E** |

NAME AND ADDRESS OF INSURED

WAGNER DIVISION
McGRAW-EDISON COMPANY and
Subsidiaries and Divisions
One Continental Towers - 1701 Golf Road
Rolling Meadows, Illinois 60008

This is to certify that policies of insurance listed below have been issued to the insured named above and are in force at this time. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of such policies.

| COMPANY LETTER | TYPE OF INSURANCE | POLICY NUMBER | POLICY EXPIRATION DATE | Limits of Liability in Thousands (000) | |
|---|---|---|---|---|---|
| | | | | EACH OCCURRENCE | AGGREGATE |
| B | GENERAL LIABILITY | 523 067233 | 3-1-84 | | |
| | ☒ COMPREHENSIVE FORM | | | BODILY INJURY $ | $ |
| | ☒ PREMISES—OPERATIONS | | | | |
| | ☒ EXPLOSION AND COLLAPSE HAZARD | | | PROPERTY DAMAGE $ | $ |
| | ☒ UNDERGROUND HAZARD | | | | |
| | ☒ PRODUCTS/COMPLETED OPERATIONS HAZARD | | | BODILY INJURY AND PROPERTY DAMAGE COMBINED $500 | $ 500 |
| | ☒ CONTRACTUAL INSURANCE | | | | |
| | ☒ BROAD FORM PROPERTY DAMAGE | | | | |
| | ☒ INDEPENDENT CONTRACTORS | | | | |
| | ☒ PERSONAL INJURY | | | PERSONAL INJURY | $ |
| | x Vendors-Broad Form | | | | |
| | AUTOMOBILE LIABILITY | | | BODILY INJURY (EACH PERSON) $ | |
| | ☐ COMPREHENSIVE FORM | | | BODILY INJURY (EACH ACCIDENT) $ | |
| | ☐ OWNED | | | PROPERTY DAMAGE $ | |
| | ☐ HIRED | | | BODILY INJURY AND PROPERTY DAMAGE COMBINED $ | |
| | ☐ NON OWNED | | | | |
| | EXCESS LIABILITY | | | BODILY INJURY AND PROPERTY DAMAGE COMBINED $ | $ |
| | ☐ UMBRELLA FORM | | | | |
| | ☐ OTHER THAN UMBRELLA FORM | | | | |
| | WORKERS' COMPENSATION and EMPLOYERS' LIABILITY | | | STATUTORY | |
| | | | | $ (EACH ACCIDENT) | |
| | OTHER | | | | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES

City of St. Louis is named as additional insured with respect to encroachment to loading dock located at 3711 Market Street, St. Louis, according to Definition 1(a) of policy above.

Cancellation: Should any of the above described policies be cancelled before the expiration date thereof, the issuing company will endeavor to mail ___30___ days written notice to the below named certificate holder, but failure to mail such notice shall impose no obligation or liability of any kind upon the company.

NAME AND ADDRESS OF CERTIFICATE HOLDER.

Secretary's Office
Board of Public Service
City of St. Louis, Mo.

DATE ISSUED

AUTHORIZED REPRESENTATIVE

ACORD 25 (1-79)

WA-004130

CW 01378

This endorsement effective June, 8, 1981, forms part of
policy number 523 067253
issued to McGRAW-EDISON COMPANY, etal
By United States Fire Insurance Company

*of the stil unloading structure installed*

In consideration of the premium charged, it is agreed that the City of
St. Louis, Missouri is an additional insured under this policy but only
as respects encroachment by loading dock located at 3711 Market Street,
St. Louis, Missouri (Hwy. #40 Project).

All other terms and conditions remain unchanged.
Attached to and made part of the policy of the Company shown above.

*Frank Kinnett*
Authorized Representative

*located & immediately East of loading dock under
Spring Ave to serve Wagner Division property McGraw
property at 3711 Mkt St. Louis Missouri*

Endorsement No. 25

JAJ/dbr
June 8, 1981

WA-00413
CW 01379

# Certificate of Insurance

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES LISTED BELOW.

**NAME AND ADDRESS OF AGENCY**
Marsh & McLennan, Inc.
222 South Riverside Plaza
Chicago, Illinois 60606

**COMPANIES AFFORDING COVERAGES**
COMPANY LETTER A National Union Fire Insurance Co.
COMPANY LETTER B U. S. Fire Insurance Company
COMPANY LETTER C Birmingham Fire Insurance Company
COMPANY LETTER D
COMPANY LETTER E

**NAME AND ADDRESS OF INSURED**
WAGNER DIVISION
McGRAW-EDISON COMPANY and
Subsidiaries and Divisions
One Continental Towers - 1701 Golf Road
Rolling Meadows, Illinois 60008

This is to certify that policies of insurance listed below have been issued to the insured named above and are in force at this time. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of such policies.

| COMPANY LETTER | TYPE OF INSURANCE | POLICY NUMBER | POLICY EXPIRATION DATE | Limits of Liability in Thousands (000) EACH OCCURRENCE | AGGREGATE |
|---|---|---|---|---|---|
| B | GENERAL LIABILITY [X]COMPREHENSIVE FORM [X]PREMISES—OPERATIONS [X]EXPLOSION AND COLLAPSE HAZARD [X]UNDERGROUND HAZARD [X]PRODUCTS/COMPLETED OPERATIONS HAZARD [X]CONTRACTUAL INSURANCE [X]BROAD FORM PROPERTY DAMAGE [X]INDEPENDENT CONTRACTORS [X]PERSONAL INJURY x Vendors-Broad Form | 523 067253 | 3-1-84 | BODILY INJURY $ PROPERTY DAMAGE $ BODILY INJURY AND PROPERTY DAMAGE COMBINED 500 PERSONAL INJURY $ | $ $ $ 500 $ |
| | AUTOMOBILE LIABILITY [ ]COMPREHENSIVE FORM [ ]OWNED [ ]HIRED [ ]NON-OWNED | | | BODILY INJURY (EACH PERSON) $ BODILY INJURY (EACH ACCIDENT) $ PROPERTY DAMAGE $ BODILY INJURY AND PROPERTY DAMAGE COMBINED $ | |
| | EXCESS LIABILITY [ ]UMBRELLA FORM [ ]OTHER THAN UMBRELLA FORM | | | BODILY INJURY AND PROPERTY DAMAGE COMBINED | $ $ |
| | WORKERS' COMPENSATION and EMPLOYERS' LIABILITY | | | STATUTORY $ | |
| | OTHER | | | | |

**DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES**
City of St. Louis is named as additional insured with respect to encroachment to loading dock located at 3711 Market Street, St. Louis, according to Definition 1(a) of policy above.

Cancellation: Should any of the above described policies be cancelled before the expiration date thereof, the issuing company will endeavor to mail 30 days written notice to the below named certificate holder, but failure to mail such notice shall impose no obligation or liability of any kind upon the company.

**NAME AND ADDRESS OF CERTIFICATE HOLDER:**
Secretary's Office
Board of Public Service
City of St. Louis, Mo.

DATE ISSUED:

AUTHORIZED REPRESENTATIVE

ACORD 25 (1-79)

WA-00413
CW 01380

Mr. John M. Morton
Secretary's Office
Board of Public Service
St. Louis, Missouri

May 8, 1981

Re:  Encroachment Permit No. 89660

Dear Mr. Morton:

In accordance with our phone conversation of yesterday, enclosed are
pertinent parts of our general liability policy.

Very truly yours,

Eric B. Larson
Manager, Casualty Insurance

EBL/kjs

cc:
J. Palmer, Wagner Electric, Parsippany, NJ